FRANCISCO COLÓN CABALLERO, promovente, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. A. R. DE JESÚS, JUEZ, demandada.

No. 51.—*Sometido:* Enero 12, 1931. *Resuelto:* Febrero 17, 1931.

846

*Arturo Aponte* y *R. García Cintrón,* abogados del peticionario;
*R. Buscaglia,* abogado del demandante en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Esta era una acción en cobro de dinero. Para asegurar la efectividad de la sentencia, se embargaron bienes raíces, pero, más particularmente, se incautó ganado perteneciente al demandado. Después de una demora considerable, la demandante pidió que se vendiera el ganado, por el fundamento de que el costo de mantenerlo sería setenta dólares mensuales, y tal vez otros extremos que envolvían costas. La Corte de Distrito de San Juan ordenó la venta. Fué señalada para un día determinado, cuando el peticionario Francisco Colón Caballero acudió a este tribunal en solicitud de un auto inhibitorio, y se expidió uno ordenando, entre otras cosas, la suspensión de la venta.

No sin alguna razón la parte recurrida alega que el *certiorari* sería un remedio más adecuado, y cita jurisprudencia al efecto de que cuando el *certiorari* procede, no cabe un auto inhibitorio. Sin embargo, si la corte no tenía poder o autoridad para vender los bienes *pendente lite,* la materia envuelta era claramente una de jurisdicción, y el auto procedería *per se.* La política de este tribunal, cuando todos los hechos están ante él, sería proceder bajo uno u otro remedio

extraordinario, y si todos los hechos no están ante él, expedir un auto suplementario de *certiorari,* siguiendo la indicación de la Corte Suprema de los Estados Unidos en *Ex-Parte Lange,* 18 Wall. 163. No discutiremos más ampliamente la cuestión de jurisdicción, porque estamos convencidos de que debe anularse el auto por otros motivos.

El peticionario dijo que se embargaron otros bienes, pero la recurrida contesta eso suficientemente alegando que la sentencia en realidad sólo podía hacerse efectiva o asegurarse con el embargo sobre el ganado, toda vez que los otros bienes estaban hipotecados y no producirían resultados tangibles.

El peticionario también alegó que la única autoridad para la venta de bienes embargados era la sección 10 de la Ley para asegurar la efectividad de sentencias, cuando tales bienes eran "fungibles". La versión inglesa del estatuto es "perishable". Necesariamente, si el ganado no puede considerarse ni como "fungible" ni como "perishable", la sección 10, *supra,* no tiene aplicación. Nos inclinamos al criterio de que debe prevalecer el texto castellano, pero si debiera prevalecer el inglés, hay dudas considerables de si la palabra "perishable" se aplicaría al ganado.

La recurrida basa su oposición en fundamentos más substanciales. Mantiene que la facultad de ordenar una venta bajo las condiciones expresadas es inherente en los tribunales, y estamos conformes. Una corte tiene, o debiera tener, la facultad, cuando se halla en posesión de bienes, de conservar el *status quo* a fin de que el embargo no resulte ilusorio o de que el demandante no reciba menos de lo debido.

La recurrida entonces hace hincapié en el artículo 36 del Código de Enjuiciamiento Civil. La jurisdicción para embargar el ganado fué concedida por la Ley para asegurar la efectividad de sentencias, y se colegiría que también se conceden "los medios necesarios para hacerla efectiva". Para una interpretación, de la palabra "necesarios", que no es en-

teramente distinta, véase el caso de *McCulloch* v. *Maryland,* 4 Wheat. 316.

La recurrida también llama nuestra atención hacia el inciso (*h*) de la sección 2 de la Ley para asegurar la efectividad de sentencias. Esta ley se titula "Ley para asegurar la efectividad de sentencias." La primera sección de la misma dispone:

"Toda persona que demandare en juicio el cumplimiento de una obligación, podrá obtener una resolución del tribunal que conociere de la demanda, adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada."

La sección 2, bajo los incisos (*a*), (*b*), (*c*), (*d*) y (*g*), sienta varias reglas con respecto al procedimiento a seguir en determinadas causas de acción, y entonces viene la letra (*h*) que dispone:

"En lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia."

Se arguye, siguiendo la idea de *noscitur a sociis,* que dicha letra (*h*) es sólo aplicable a diferentes causas de acción o a la incautación que ha de hacerse, y que no es aplicable a las facultades de la corte una vez que los bienes han sido embargados.

Debe recordarse que la ley es para asegurar la efectividad de las sentencias. Las palabras usadas bajo la letra (*h*) son muy generales, y creemos que otorgan facultad a la corte para hacer lo que crea necesario para asegurar la efectividad de la sentencia después que se han embargado bienes; en otras palabras, que la letra (*h*) es una plena concesión de poderes por parte de la legislatura para proteger a un demandante en el aseguramiento de su sentencia.

Ya sea correcta o no nuestra conclusión en lo relativo a

la aplicación que debe darse al inciso (*h*), los poderes inherentes de la corte justificarían la venta del ganado en este caso en particular.

*Debe anularse el auto expedido.*

El Juez Asociado Señor Hutchison disintió.* El Juez Asociado Señor Aldrey está conforme con la sentencia.

EN RECONSIDERACION

Marzo 6, 1931

█ Este es un caso en que la Corte de Distrito de San Juan adquirió jurisdicción sobre ganado con motivo de un embargo trabado. La idea de nuestra opinión original era que los varios artículos citados justificaban la actuación de la corte para proteger el gravamen ya adquirido, a fin de que el valor no disminuyera o desapareciera. Deseamos hacer énfasis sobre el hecho de que esta facultad descansa en la sana discreción de la corte y debe ser ejercida solamente en un caso adecuado.

El peticionario en su moción de reconsideración pinta los males que podrían sobrevenir si se permitiera que todas las cortes dispusieran de ganado como en el presente caso. Si se hace una comparación de los males, vemos un peligro mayor en la desaparición de la protección concedida por el embargo que en el hecho de que la propiedad pueda ser vendida en anticipación de la ejecución. Yendo, quizá, un poco más lejos de lo necesario, debemos decir que ha de ser un caso excesivamente raro aquél en que un demandado no pueda evitar todos estos supuestos males prestando una fianza.

*Debe declararse sin lugar la moción.*

El Juez Asociado Señor Hutchison disintió.*

---

* NOTA: Véase el prefacio.