THE NATIONAL CITY BANK OF NEW YORK, demandante y apelante, *v.* FRANCISCO DE LA TORRE y MERCEDES DE LA TORRE, y su esposo A. O'NEILL, demandados y apelados.

No. 5884.—*Sometido:* Febrero 1, 1933. *Resuelto:* Julio 29, 1933.

*E. F. Fiddler* y *Jorge Morales,* abogados del apelante; *J. Martínez Dávila, J. Ramírez Santibáñez* y *R. Martínez Nadal,* abogados del apelado Sr. De la Torre; *L. Llorens Torres* y *O'Neill & O' Neill,* abogados de los esposos O'Neill-De la Torre, apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

The National City Bank of New York demandó en la Corte de Distrito de San Juan a Francisco y a Mercedes de la Torre en cobro de un pagaré suscrito mancomunada y solidariamente por ambos, reconociendo deber la suma de $10,398.38, y para asegurar la efectividad de la sentencia que pudiera dictarse solicitó que, sin prestación de fianza por haber sido reconocido dicho pagaré en la escritura pública No. 32 otorgada el 20 de mayo de 1929, se embargaran bienes bastantes a cubrir la dicha suma de $10,398.38, más la de $3,000.00 para intereses y costas.

Accedió la Corte y a requerimiento del demandante el márshal embargó los siguientes bienes de uno de los demandados, Francisco de la Torre: (a) casa No. 18 calle Norzagaray, San Juan, (b) dos terceras partes indivisas de la casa No. 114 de la calle de la Luna, San Juan, (c) crédito hipotecario por $2,750 constituído por J. Martínez Dávila a favor de F. de la Torre, y (d) crédito hipotecario por $20,000 reducido a $16,000 constituído por H. L. Cochran a favor de F. de la Torre.

Así las cosas pidió a la corte el demandado F. de la Torre que redujera y limitara el embargo. Contestó oponiéndose el demandante y la corte señaló un día para oír a las partes. Comparecieron éstas; practicaron prueba, y la corte decidió la cuestión en la forma que aparece de su orden de octubre 7, 1931, de la que transcribimos lo que sigue:

"En el acto de la vista de la moción, el demandado llamó la atención de la Corte al hecho de que innecesariamente se le había embargado un crédito hipotecario por $16,000.00 cuyo embargo le producía incalculables perjuicios y propuso que se redujese el embargo a la casa marcada con el No. 18 de la Calle Norzagaray que es la

misma marcada con el No. 50 de la Calle de la Cruz y que está valorada a los efectos contributivos en $8,000.00 y se halla libre de cargas según la certificación del Registrador de la Propiedad de San Juan que acompañó y a la casa No. 48 de la Calle de la Cruz de esta ciudad valorada para los efectos contributivos en $5,960.00 también libre de cargas. Estas dos fincas, según el informe del perito de la demandante, embargándose conjuntamente pueden valorarse en $14,000.00. Siendo ello así estas dos fincas, serían bastantes para responder dé la suma reclamada, pero a fin de darle algún margen más a la demandante podría embargarse el condominio de 2/3 de la casa No. 114 de la Calle Rafael Cordero de esta ciudad. Esta finca tiene un valor total de $4,200.00 y se halla afecta la totalidad de la misma a una hipoteca por $2,000.00, de modo que deduciendo el importe de la hipoteca el valor neto del condominio del demandado asciende a $1,466.66. De modo que reduciéndose el embargo a las tres fincas relacionadas, la demandante tendría bienes embargados por un valor total de $15,426.66 que cubre con exceso la cantidad reclamada. Mas como la finca marcada con el No. 48 de la Calle de la Cruz no ha sido embargada, la Corte ordena que se embargue la referida finca marcada con el No. 48 de la Calle de la Cruz de esta ciudad, cuya descripción aparece de los autos, hasta la cantidad de $5,960.00 y una vez trabado este embargo, se levantará el trabado sobre los demás bienes del demandado, dejándolo subsistente en cuanto a las fincas ya relacionadas, o sea, la casa No. 18 de la Calle Norzagaray y el condominio de 2/3 de la casa No. 114 de la Calle de la Luna, todas de esta ciudad y la No. 48 de la Calle de la Cruz.''

No conforme el demandante apeló, señalando en su alegato la comisión de cinco errores. Formula los dos primeros así: Erró la corte 1, al admitir, por sobre la objeción del demandante, los documentos presentados por el demandado referentes a una propiedad no embargada, y 2, al incluir en su orden una propiedad que no había sido embargada ni mencionada en la moción del demandado sobre reducción de embargo, y argumentándolos sostiene que no habiendo hecho referencia en su moción el demandado a cierta casa no embargada, era separarse de las alegaciones el permitirle que presentara prueba sobre la misma, introduciendo así una cuestión que no había sido puesta en controversia. Cita a 10 R.C.L. 925 y 49 C.J. 804. En su consecuencia con-

cluye que no pudo la corte extender el embargo a la indicada propiedad.

■ A nuestro juicio aunque hubiera sido más correcto que la cuestión se hubiera planteado específicamente en la moción del demandado, no erró la corte al actuar en la forma en que lo hizo.

En Puerto Rico de acuerdo con la ley especial sobre la materia, aprobada en 1902, toda persona que demandare en juicio el cumplimiento de una obligación, "podrá obtener una resolución del tribunal que conociere del asunto adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada." Esas medidas se toman de acuerdo con las reglas que fija la misma ley que cuando la obligación, como aquí, es de pagar una suma de dinero, consisten "en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas."

Es, pues, a la corte a la que debe dirigirse el demandante y es la corte la que tiene la autoridad para dictar la resolución que proceda, disponiendo la propia ley en su sección 14 que: "Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo."

La propia ley califica de juicio verbal el procedimiento a seguir y siendo la cuestión sometídale esencialmente la de si el embargo debía o no subsistir en la forma en que había

sido trabado, la corte tenía autoridad para considerar y resolver sobre todas las cuestiones que se relacionaran con la misma. El énfasis de las innecesarias dificultades que se estaban causando al demandado a virtud del embargo, se puso en la traba de los créditos hipotecarios, y toda cuestión que tendiera a solucionar el problema, era pertinente y podía considerarse. Además, la prueba aportada demuestra que la casa de que se trata era conocida del demandante y había sido tasada por su perito el Sr. Graham. No hubo sorpresa ni perjuicio.

██ Los tres restantes señalamientos son al efecto de que la corte erró al declarar que según el informe del perito del demandante si las casas No. 18 Norzagaray y 48 Cruz se embargaran conjuntamente podrían valorarse en $14,000; al dictar la orden recurrida, porque las propiedades embargadas no son suficientes, y al no desestimar la moción por no haberse demostrado que el embargo tal como se practicó al principio era excesivo.

Se trataba de asegurar la suma de $13,398.38 de la cual $3,000 era lo calculado para intereses y costas. Se embargaron dos casas y dos créditos hipotecarios. Las dos casas fueron valoradas por el demandado, la No. 18 Norzagaray en $12,000 y las dos terceras partes que le correspondían en la No. 114 Luna en $2,500, y por el perito del demandante en $7,200 la No. 18 Norzagaray y en $4,200 la No. 114 Luna. A los créditos hipotecarios asignó el demandante un valor de $2,750 y $16,000 respectivamente. Según el demandado el valor de los bienes embargados ascendía, pues, a más de $33,000, y según prueba que puede estimarse aceptada por el propio demandante pasaba de $25,000. Y no es sólo el valor lo que estaba envuelto, sino la clase de bienes embargados, existiendo además un hecho que no puede ignorarse y que quizá influyó en la corte de distrito para actuar en la forma en que lo hizo, y es el de que el otro demandado, la Sra. Mercedes de la Torre, tiene garantizada la deuda que se le cobra con hipoteca constituída sobre una parcela de

nueve mil quinientos setenta y un metros de terrenos situados en una urbanización del barrio de Hato Rey, Río Piedras. Convenimos con el apelante en que tratándose de una deuda solidaria podía dirigirse el acreedor contra cualquiera de los deudores y cobrársela íntegra, pudiendo embargarle los bienes correspondientes, pero aquí se dirigió contra los dos y la corte estaba adoptando las medidas necesarias tendentes a garantizar su crédito y pudo tomar en consideración todas las circunstancias apropiadas para hacer justicia al demandante sin ser injusto con el demandado.

Interpretando la ley de 1902 sobre la materia dijo esta corte en el caso de *Paz* v. *Bonet,* 31 D.P.R. 68, 70, que su propósito consistía en ''garantizar la efectividad de la sentencia que pudiera dictarse o que se hubiera dictado tomando en consideración los intereses de ambas partes.'' Se debe garantizar al demandante, pero no oprimir al demandado o causarle innecesarias dificultades en sus negocios.

Dadas las circunstancias concurrentes, era éste un caso en que la corte de distrito pudo intervenir, sin que se haya demostrado que abusara de su discreción al ordenar el levantamiento del embargo de los créditos hipotecarios de que se trata, aunque será necesario modificar su resolución porque a nuestro juicio no debió decretar ella misma que la nueva casa del demandado por él ofrecida en sustitución quedara definitivamente embargada a no ser que así lo solicitara del márshal la propia parte interesada, o sea el banco demandante.

Convencida la corte de que existían otros bienes sobre los cuales podía asegurarse la efectividad de la sentencia, pudo ordenar el levantamiento indicado dando al demandante un plazo razonable para que decidiera lo que estimara conveniente.

Ahora bien, como ha transcurrido tanto tiempo desde que este caso fué resuelto y quizá la condición de los bienes haya variado, se dictará la resolución pemitiendo también al de-

mandante que dentro del plazo que se le conceda, pueda demostrarlo a la corte de distrito si fuere así, a fin de que ella adopte la medida que fuere procedente para garantizar su derecho.

La resolución apelada debe modificarse, pues, de modo que su parte dispositiva quede redactada como sigue: ''Se concede al demandante hasta el 19 de agosto de 1933 para que solicite si lo creyere conveniente el embargo de la casa del demandado Francisco de la Torre marcada con el No. 48 de la Calle de la Cruz de esta ciudad de San Juan a los efectos de asegurar la sentencia que pudiera dictarse en su favor en este caso, y una vez trabado dicho embargo o transcurrido dicho plazo aunque no se trabe, levántese el trabado sobre los créditos hipotecarios que fueron embargados o sean los constituídos por H. L. Cochran y J. Martínez Dávila a favor del demandado Francisco de la Torre, pudiendo el demandante dentro de dicho plazo si la condición de la dicha casa No. 48 hubiere variado en sentido desfavorable demostrarlo así a la corte pidiéndole que adopte cualquier medida que fuere procedente para garantizar su derecho. Los embargos trabados sobre la casa No. 18 de la calle Norzagaray y 50 de la calle de la Cruz y sobre las dos terceras partes de la casa No. 114 de la calle de la Luna, ambas de esta ciudad de San Juan, quedarán subsistentes.''

*Así modificada, debe confirmarse la resolución recurrida.*
El Juez Asociado Señor Córdova Dávila no intervino.