SIMÓN CARLO, peticionario, *v.* CORTE DE DISTRITO DE AGUADILLA, HON. ENRIQUE S. MESTRE, JUEZ, demandada.

Núm. 1250.—*Sometido:* Junio 9, 1941. *Resuelto:* Junio 16, 1941.

*Enrique Báez García,* abogado del peticionario; *Angel G. Hermida*
y *Juan B. García Méndez,* abogados del interventor, demandante
en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En aseguramiento de la sentencia que pudiera recaer en
el pleito seguido por Manuel A. García Méndez contra el
ahora peticionario Simón Carlo en reclamación de la cantidad
de $2,799.85, la corte inferior, previa prestación de la fianza
exigida, dictó el 21 de febrero último la siguiente orden:

"Vista la moción que precede, la corte decreta el embargo de
bienes del demandado suficientes a cubrir las cantidades reclamadas,
con prestación de fianza por la suma de $1,000 por no constar la
deuda en documento auténtico."

El mismo día el secretario de la corte inferior expidió
el correspondiente mandamiento al márshal de la de distrito
de Mayagüez, y en escrito que aparece fechado el 19 del
indicado mes, los abogados del demandante instruyeron al
márshal que "se sirva embargar cuanto derecho, título,
acción o interés tenga el demandado Simón Carlo en el taller
o fundición 'Simón Carlo', sito en Mayagüez, P. R., con todas
sus existencias, cerrando el mismo y designando depositario
a José Pascual Ortiz."

El 21 de marzo último el márshal procedió a diligenciar
dicho mandamiento, trabando embargo sobre los siguientes
bienes en la forma y extensión que a continuación se expresa:

"Todo derecho, título, acción o interés que tenga el demandado
en el taller o fundición 'Simón Carlo', sito en Mayagüez, calle San-
tiago Veve, con todas las existencias que el mismo contenga, cerrando
el mismo, clavando todas las puertas y ventanas con trancas, en
forma que para poder penetrar dentro del edificio hay que desclavar
las trancas o romper las mismas."

Siguiendo las instrucciones de los abogados del demandante, el márshal nombró al Sr. José Pascual Ortiz depositario de los bienes embargados y notificó el embargo al demandado el 24 de marzo último, entregándole copia del mandamiento.

Así las cosas, el demandante, con fecha 28 de marzo, en moción jurada que presentó al tribunal inferior, comunicó a dicho tribunal que con posterioridad a la traba del embargo, el demandado, en violación del mismo, descerrajó y abrió el taller o fundición embargado, penetró en el establecimiento y reasumió sus trabajos, utilizando los efectos y artefactos embargados, haciendo caso omiso de la citada orden de aseguramiento de sentencia; que el demandado fué requerido por el depositario para que abandonase el local, lo cerrase y se abstuviese de volver a él, a lo que se negó, calificando el demandante esta conducta como tendente a obstruir la administración de la justicia, a desacreditar al tribunal y a perjudicarle en la acción por él establecida.

El mismo día 28 de marzo el juez inferior dictó una orden cuya parte dispositiva dice así:

"Por tanto, por la presente se ordena se libre por el Secretario mandamiento dirigido al Márshal de la Corte de Distrito de Mayagüez para que inmediatamente proceda a hacer efectiva la orden de esta corte de marzo 19 de 1941, cerrando e incomunicando el taller o fundición Simón Carlo, en Mayagüez, P. R., condenando sus puertas y procediendo a utilizar de la fuerza que necesite para el debido cumplimiento de la orden de referencia, y para que asimismo se cite al demandado Simón Carlo para que comparezca ante esta corte a las 10 de la mañana del día 4 de abril de 1941 a exponer las razones por las cuales no deba ser condenado por desacato o desobediencia a la orden de este tribunal. Líbrese por el Secretario de esta corte al Márshal de la Corte de Distrito de Mayagüez mandamiento de acuerdo con lo aquí expuesto, insertándose esta orden íntegramente en dicho mandamiento y procediéndose por el Márshal de la Corte de Distrito de Mayagüez a su inmediato cumplimiento."

El 31 de marzo fué diligenciada la orden últimamente mencionada y el 4 de abril siguiente el demandado presentó

una moción solicitando el traslado del pleito a la Corte de Distrito de Mayagüez, por tratarse de una acción personal y ser el de Mayagüez el distrito de su residencia.

Contestando la orden para mostrar causas por las cuales no debía ser castigado por desacato, el demandado, en moción fechada el 4 de abril, luego de exponer los antecedentes del caso, alegó:

"Que el demandado, para no desacatar la orden de esta Hon. corte, citándole para el día 4 de abril de 1941, y sin perjuicio de la moción de traslado presentada previamente, alega las siguientes razones por las cuales no se le puede castigar por desacato a esta Hon. corte:

"(A) Porque habiendo pedido el demandado Simón Carlo el traslado del presente caso para ante la Corte de Distrito de Mayagüez, que es la corte de su residencia, esta corte no tiene jurisdicción sobre el caso, hasta tanto se haya resuelto la moción de traslado.

"(B) Porque la orden de la corte que se alega desacatada, y que fué dictada el 19 de marzo de 1941, se limitaba a decretar el embargo de bienes del demandado suficientes a cubrir las cantidades reclamadas, pero en ninguna forma ordenaba que se privara al demandado Simón Carlo del derecho a entrar libremente en su propiedad y a atender a sus negocios de fundición, radicados en la ciudad de Mayagüez.

"(C) Porque la orden de la corte de 28 de marzo de 1941, ordenando que se cierre el establecimiento del demandado Simón Carlo, incomunicando su fundición y condenando sus puertas, mediante fuerza, es una orden nula, dictada sin jurisdicción para ello, y en violación de las leyes de Puerto Rico, y por ser dicha orden nula, no está el demandado Simón Carlo en la obligación de cumplirla, y dicha nulidad consiste en que el procedimiento de embargo seguido por el Márshal de la Corte de Distrito de Mayagüez, a petición del demandante Manuel A. García Méndez, es contrario a las disposiciones del Código de Enjuiciamiento Civil, que dispone cómo se efectúan embargos en Puerto Rico."

Celebrada la audiencia señalada para el 4 de abril y habiendo las partes consentido que la corte tomase todo el tiempo necesario para estudiar y resolver la cuestión, el 13 de mayo último dictó sentencia declarando al demandado culpable de desacato, condenándole a pagar $3 de multa o en

su defecto a cumplir un día de cárcel por cada dólar que dejare de pagar, y las costas, disponiendo además que por el márshal se proceda a mantener la orden de la corte en el embargo de referencia.

El mismo día el demandado radicó un escrito en la corte inferior en el que notificó al secretario y al demandante, por sus abogados, "que no estando conforme . . . con la sentencia . . . que le declara culpable de desacato y le impone una multa de $3 o a una reclusión por 3 días en cárcel . . . apela de la sentencia dictada para ante la Hon. Corte Suprema de Puerto Rico . . .", y tres días después radicó en este tribunal la solicitud de *certiorari* que nos ocupa, en la que luego de exponer los antecedentes que ya conocemos, termina con súplica de que se expida un auto definitivo de certiorari anulando todos los procedimientos llevados a cabo en el presente caso.

Se expidió el auto y a la vista sólo compareció la representación del demandado en el pleito principal, informando oralmente y por escrito.

El peticionario había radicado su alegato desde el 6 del actual, en el que sostiene que los procedimientos seguidos por el Márshal de la Corte de Distrito de Mayagüez al embargar las existencias del establecimiento "Simón Carlo", cerrándolo y prohibiendo la entrada al demandado son nulos y que también es nula la resolución de la corte inferior que ordenó el cierre de dicho local y prohibió al peticionario la entrada a su fundición.

■ La sección 1 de la Ley para asegurar la efectividad de sentencias concede a todo el que demandare en juicio el cumplimiento de una *obligación*, el derecho a obtener del tribunal que entendiere de la demanda, una orden para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada, y el artículo 2(*b*) de la misma ley dispone que si la obligación fuere, como la de este caso, de pagar una suma de dinero, el aseguramiento

consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas.

██ La primitiva orden de 21 de febrero se limitó a disponer el embargo de bienes del demandado suficientes a cubrir las cantidades reclamadas en la demanda, o sea $2,799.85, intereses, costas y honorarios, y al así actuar no erró el juez inferior, pues de acuerdo con la jurisprudencia de esta corte, no tenía obligación de especificar los bienes sobre los cuales debería trabarse el embargo. *Clausells* v. *Salas,* 50 D.P.R. 553, 561. Es el demandante quien generalmente señala al márshal los bienes que han de sujetarse al embargo y si dicho funcionario embarga por una cantidad mayor de la suficiente para responder de las sumas reclamadas, puede el demandado, sin perjuicio de reclamar el resarcimiento de cualquier daño que se le haya irrogado con esa actuación, solicitar del tribunal que se reduzca el embargo a la cantidad que sea suficiente al fin indicado.

No consta de los autos cuál sea el valor de los bienes embargados, pero aunque se probase que excede de lo suficiente para responder de las sumas reclamadas en la demanda, esa sola circunstancia no viciaría de nulidad la actuación del márshal sino que sólo daría derecho al demandado, repetimos, a obtener la reducción del embargo y al resarcimiento de cualquier perjuicio realmente causádole. *Pueblo* v. *Berríos,* 43 D.P.R. 558, 561; *National City Bank* v. *De la Torre,* 45 D.P.R. 626.

██ Arguye el peticionario que el secretario de la corte inferior, sin una orden especial del juez a ese efecto, carecía de facultad para expedir el mandamiento de embargo directamente al Márshal de la Corte de Distrito de Mayagüez. No cita autoridad alguna que sostenga su proposición ni hemos podido encontrarla. Por el contrario, la Orden General núm. 100, de 12 de abril de 1900, que está en vigor según se sostuvo en *Ochoa Fertilizer Co.* v. *Registrador,* 43 D.P.R. 626, y *López* v. *Martínez Hnos. & Co., S. en C.,* 45 D.P.R. 530, prescribe:

"Por recomendación de la Junta Judicial se dispone lo siguiente: I. Los tribunales se comunicarán entre sí sin sujetarse a la antigua subordinación de tribunales inferiores y superiores que establece el artículo 237 de la Ley de Enjuiciamiento Civil. II. También podrán los tribunales dirigirse a cualquier oficina del Registro de la Propiedad *o de otra clase* para el cumplimiento de las resoluciones judiciales que dictaren;..."

Siguiendo la misma pauta, el artículo 245 del vigente Código de Enjuiciamiento Civil, refiriéndose a la orden de ejecución, prescribe que cuando se quiera hacer efectiva sobre la propiedad del deudor declarado tal por sentencia, podrá librarse al márshal de cualquier distrito de la Isla.

De acuerdo con los dos preceptos legales que acabamos de citar, los tribunales pueden actuar respecto a otras oficinas o funcionarios que se hallen fuera de su jurisdicción territorial con la misma facultad con que lo hacen sobre los que se hallen dentro de sus respectivos distritos, y pudiendo el secretario expedir mandamiento para la ejecución de las órdenes del tribunal al márshal de su distrito sin una orden que expresamente lo autorice, de igual manera y con la misma autoridad puede hacerlo respecto a un márshal de otro distrito como se hizo en este caso.

Alega también el peticionario que el márshal no tenía facultad para cerrar el establecimiento e impedir que el demandado penetrase en el mismo. Convenimos con el peticionario en que ordinariamente no debe el márshal actuar en esa forma por resultar innecesariamente opresiva para el demandado, pero en el presente caso concurren circunstancias extraordinarias que justifican esa medida. Conforme aparece del alegato del propio peticionario, entre los bienes embargados se hallan hornos de fundir y otros implementos fuertemente adheridos al edificio y que por esa razón no podrían ser fácilmente retirados del local. Esa circunstancia, desde luego, no priva al demandante del derecho que le otorga la ley a asegurar la efectividad de su sentencia, y por consiguiente si el márshal había de dar cumplimiento a

la orden de la corte como era su deber, no tenía otro modo de cumplirla que no fuera cerrando el local e impidiendo que el demandado tuviese acceso a los bienes embargados, ya que si los dejaba en su posesión el embargo era inexistente. *Oronoz & Co.* v. *Alvarez*, 23 D.P.R. 536, y especialmente *Pérez Guerra* v. *Matos*, 48 D.P.R. 599.

Puede que en el caso de autos, si en efecto existían en el local bienes en valor suficiente a responder de las sumas reclamadas, que ejercitando razonable diligencia podían retirarse del mismo, el cerrar el establecimiento dentro de esas circunstancias haya causado una innecesaria opresión al demandado; pero aun así, probada esa circunstancia, asistía al demandado el incuestionable derecho de levantar el embargo por los medios que prescribe la ley o solicitar de la corte que el gravamen se reduzca a la cantidad suficiente, y así la controversia hubiera sido resuelta tomando en cuenta los derechos de una y otra parte.

El hecho de cerrar el establecimiento no implica en manera alguna, como pretende el peticionario, que el edificio haya sido embargado, pues del diligenciado del márshal resulta que lo que él embargó fueron las existencias e implementos del negocio o industria. Si los bienes embargados hubiesen podido retirarse del edificio, y en efecto se hubieran retirado, habría sido necesario habilitar otro local donde guardarlos, seguramente mediante el pago de un canon razonable por el uso del nuevo local. Habiéndose cerrado el establecimiento, todo se reduce a pagar, con cargo a quien corresponda, una cantidad razonable por el uso del edificio. Aun en este caso, si el demandado interesa continuar usando el establecimiento, nada le impide solicitar de la corte que dentro del tiempo más rápido en que razonablemente pueda hacerse, se desocupe y se deje a su expedita disposición.

Sobre la facultad de la corte para dictar la resolución de 28 de marzo que ordenó el cierre del establecimiento dentro de las circunstancias de este caso, véase por analogía el de *Colón Caballero* v. *Corte*, 41 D.P.R. 845.

■ No tratándose en este caso de una orden dictada o cumplimentada sin jurisdicción, por errónea u opresiva que ella sea, el demandado no tiene derecho a desobedecerla, y por consiguiente no erró la corte inferior al sentenciarlo por desacato.

■ Por último, el mero hecho de que el demandado hubiese solicitado el traslado del caso al distrito de su residencia, no privó a la corte inferior de la facultad que le concede el inciso 4 del artículo 7 del Código de Enjuiciamiento Civil para hacer cumplir sus sentencias, órdenes y providencias.

*Procede, por lo expuesto, anular el auto expedido y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

EN MOCION DE RECONSIDERACION

Julio 8, 1941

■ El peticionario solicita reconsideremos nuestra resolución del 16 del mes pasado que anuló el auto de *certiorari* expedido en este caso. Fundamentando su moción, alega el peticionario que entre los bienes embargados se hallan hornos de fundición, implementos y máquinas que considera bienes inmuebles, no pudiendo por consiguiente ser embargados mediante el procedimiento establecido para el embargo de bienes muebles como se hizo en el pleito principal.

De los autos no resulta claramente que los bienes aludidos tengan carácter de inmuebles, ni el número de cada uno de ellos existente en el taller. Conforme aparece del diligenciamiento de la orden de embargo, el Márshal de la Corte de Distrito de Mayagüez embargó los siguientes bienes:

"Todo derecho, título, acción o interés que tenga el demandado Simón Carlo en el taller o fundición 'Simón Carlo', sito en Mayagüez, P. R., calle Santiago Veve, con todas las existencias que el mismo contiene, cerrando el mismo, clavando todas las puertas y ventanas con trancas, en forma que para poder penetrar dentro del edificio hay que desclavar las trancas o romper las mismas."

Es en la página 14 del alegato del peticionario en apoyo de la solicitud de certiorari que por primera vez se dice que los hornos están adheridos a la casa y forman parte de la misma, y en un breve memorándum del interventor, radicado después de la vista de este recurso, aclara que los bienes embargados consisten:

"...en máquinas desmontadas, máquinas atornilladas o que no estén permanentemente adheridas al suelo, marrones, martillos, poleas conectadas pero desmontables, lámparas de soldar, malacates, fraguas, piezas de hierro y acero, lingotes de hierro de gran peso y tamaño, y otros muchos efectos muebles, todo lo cual constituye la Fundición Simón Carlo. La transportación de esos efectos, o su desorganización era costosa, no producía beneficio alguno al demandante y por el contrario hubiera podido causar perjuicios al demandado Simón Carlo, lo que no estaba en mente ni era el objeto del demandante."

En apoyo de su moción de reconsideración acompañó el peticionario su declaración jurada, tendente a sostener entre otras cosas que la maquinaria, hornos, etc., se hallan adheridos permanentemente al suelo y forman parte del edificio, y que este último, con todas dichas accesiones, ha sido hipotecado a favor del tenedor de varias obligaciones hipotecarias por la suma de $6,000.

Tal prueba es improcedente dentro de un recurso de certiorari y desde luego no podemos considerarla a los efectos de la moción que nos ocupa.

En las circunstancias expuestas, no está este tribunal en condiciones de resolver dentro del procedimiento de *certiorari* cuál sea en realidad la naturaleza de los bienes que fueron embargados en este caso mediante el procedimiento establecido para el embargo de bienes muebles. Parece lógico que el peticionario recurra a la corte inferior si es que desea impugnar la validez del embargo o que se reduzca a una cantidad que razonablemente responda de las sumas reclamadas en la demanda.

*Por lo expuesto, no ha lugar a la reconsideración solicitada.*