CARMEN AMANDA CAPESTANY, representada por su madre con patria potestad ASUNCIÓN ALMODÓVAR, demandante y apelada, *v.* MAXIMINO CAPESTANY, demandado y apelante.

Núm. 9373.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Diciembre 16, 1946.

*A. Ramírez Silva,* abogado del apelante; *Oscar Souffront,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Carmen Amanda Capestany, representada por su madre con patria potestad, obtuvo en la Corte de Distrito de Mayagüez sentencia de alimentos en contra de su abuelo, Maximino Capestany, consistente en una pensión mensual de $35, pagadera por mensualidades adelantadas. Apeló el demandado, y la demandante solicitó y obtuvo de la corte el aseguramiento de la efectividad de la sentencia, mediante embargo de una finca urbana del demandado valorada en la cantidad de $3,000. El demandado solicitó se dejara sin efecto el embargo y se decretara su nulidad, pero la corte sostuvo su actuación. De esta resolución apeló el demandado y sostiene que la corte cometió error al ordenar el embargo de bienes por un valor de $3,000 para garantizar las mensualidades de la pensión concedida y al declarar sin lugar su moción para que se dejara sin efecto y se decretara su nulidad.

Las dos cuestiones envueltas en este recurso, o sea, 1ro., si procede un embargo para asegurar la efectividad de la sentencia recaída y de resolverse este punto en la afirmativa, 2do., la cuantía de dicho embargo, han sido ya resueltas por este Tribunal Supremo desde el año 1909 en el caso de *Meléndez* v. *La Corte de Distrito,* 15 D.P.R. 312. Los hechos en dicho caso son similares a los del caso de autos. En aquél la demandante solicitó se condenara al demandado a pagar a su hijo ilegítimo $25 mensuales en concepto de pensión alimenticia, la cual debería ser satisfecha por mensualidades anticipadas. Solicitó entonces el aseguramiento de la sentencia mediante embargo de bienes del demandado valorados en $3,900 alegando que dicha suma comprendía los alimentos

del menor durante trece años, o sea, hasta que cumpliera diez y ocho años de edad. La corte denegó el aseguramiento en su totalidad y esta Corte resolvió lo siguiente:

"Hemos examinado la ley aprobada en 1 de marzo de 1902 para asegurar la efectividad de sentencias, y entendemos que, reclamándose como se reclama en la demanda el cumplimiento de una obligación consistente en el pago de veinte y cinco ($25) *dollars* mensuales a la demandante en concepto de pensión alimenticia por meses anticipados y a partir de la fecha de la interposición de la demanda, no puede negarse en absoluto el aseguramiento de la sentencia, teniendo en cuenta para ello la regla *b* de la sección 2 de la ley sobre la materia, en relación con la sección 1 de la misma ley.[1]

"La duda puede surgir al fijar la cuantía del aseguramiento y para desvanecerla debemos fijarnos en la cantidad cuyo pago obligatorio puede exigirse al demandado.

"El pago que se exige al demandado es el de veinte y cinco ($25) dollars mensuales, a satisfacer por adelantado desde la fecha de la interposición de la demanda, y ésa debe ser la cuantía que ha de regular el aseguramiento de la sentencia.

"*     *     *     *     *     *     *

"Podemos equiparar el pago al de una obligación exigible a plazos. Si se demandara el pago de un plazo vencido, el aseguramiento de la sentencia debería limitarse al mismo, y no al de los demás plazos por vencer, por más que la causa de deber fuera la misma. La pensión alimenticia que se reclama a Pedro de Diego es por mensualidades anticipadas, y en la fecha en que se pidió el aseguramiento de la sentencia, sólo había una mensualidad vencida, pues el pago debía entenderse desde la fecha de la interposición de la demanda.

"Por las razones expuestas, opinamos que la Corte de Distrito de Guayama cometió error al denegar en términos absolutos el aseguramiento de sentencia solicitada por la parte demandante, pues procedía concederlo para asegurar el pago de la primera mensualidad de veinte y cinco dollars sin perjuicio de ampliar dicho aseguramiento, por razón de otras mensualidades que fueran venciéndose en el curso del juicio."

---

[1] El inciso *b* del art. 2 de la ley dispone: "Si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas."

En el caso de autos la sentencia condenó al demandado a pagar $35 mensuales por mensualidades adelantadas. Las demandantes tienen derecho a asegurar la efectividad de dicha sentencia (la cual fué apelada) por la cuantía de la misma. Fijar otra cualquiera sería especulativo y en contra de los propios términos de la sentencia. Al igual que en el caso de *Meléndez,* supra, no procedía un embargo de $3,900 para cubrir trece años de pensiones, tampoco en el de autos procedía un embargo de $3,000 para garantizar el pago de $35.

█ La doctrina establecida en el caso de *Meléndez* no ha sido variada por este Tribunal y la corte inferior erró al decir en su resolución que "no viene obligada por la autoridad del caso de *Meléndez* v. *Corte.*" Mientras esta Corte Suprema no revoque o modifique una doctrina establecida en sus decisiones las cortes y organismos inferiores están obligados a seguirla en la resolución de los casos en que sea aplicable. *A. Cuesta & Cía., Sucrs.* v. *Sancho Bonet, Tes.,* 54 D.P.R. 87; *Central Cambalache, Inc.* v. *Cordero, Admor.,* 61 D.P.R. 8.

No estamos convencidos de que debamos variar la doctrina sentada. Hemos resuelto en repetidas ocasiones que:

"Una vez que una cuestión ha sido deliberadamente resuelta luego de argumentos solemnes, no debe ser variada a menos que sea tan manifiestamente errónea que no pueda sostenerse sin violentar la razón y la justicia." *García Fernández, Ex Parte,* 44 D.P.R. 296; *Banco de Ponce* v. *Iriarte,* 60 D.P.R. 72, 79; *San Miguel & Cía.* v. *Guevara,* 64 D.P.R. 966, 974.

No creemos que el caso de *Meléndez,* supra, esté en pugna con la razón y la justicia sino más bien está a tono con la doctrina posteriormente expuesta en el de *National City Bank of N. Y.* v. *De la Torre,* 45 D.P.R., 626, al resolverse que en casos de embargos "Se debe garantizar al demandante, pero no oprimir al demandado o causarle innecesarias dificultades en sus negocios." Véase además *Carlo* v. *Corte,* 58 D.P.R. 889.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos.*

El Juez Asociado Sr. Snyder no intervino.