Aida Ileana Oquendo Graulau<br>Secretaria General

### ESCOLIOS 96 DTA 154

**1.** Reglamento Procesal de la Junta de Apelaciones del Sistema de Administración de Personal en vigor desde el 30 de enero de 1996.

**2.** 32 L.P.R.A. Ap IV.

**3.** Apéndice IV, págs. 7-10, de aquel incluido junto al escrito de apelación.

**4.** Apéndice I, pág. 1, de aquel incluido junto al escrito de revisión.

**5.** Apéndice II, págs. 2-5, de aquel incluido junto al escrito de revisión.

**6.** Apéndice III, pág. 6, de aquel incluido en el escrito de revisión.

**7.** Apéndice II, págs. 4-7, del escrito de mostrar causa presentado por la parte apelada y aquí recurrida.

**8.** Apéndice III, págs. 8-14, del escrito de mostrar causa presentado por el Municipio de Barceloneta.

**9.** Apéndice IV, pág. 15, del escrito de mostrar causa presentado por el Municipio de Barceloneta. Por virtud de ese dictamen J.A.S.A.P. acogió la moción de reconsideración para resolverla en forma definitiva.

**10.** 3 L.P.R.A. § 2172

**11.** Artículo 21 del Reglamento Procesal de J.A.S.A.P., *supra.*

**12.** Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. § 2176; Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994; Regla 70 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.

**13.** 3 L.P.R.A. § 2165.

**14.** Ninguna agencia puede determinar unilateralmente, ignorando lo dispuesto por ley, el acto o evento por virtud del cual comienza a decursar el término jurisdiccional para presentar el recurso de revisión administrativo.

# 96 DTA 155

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I - SAN JUAN

BANCO COOPERATIVO DE PUERTO RICO
Demandante-Recurrido

v.

CONCEPCION DELGADO GARCIA, ET AL
Demandados-Peticionarios

Núm. KLCE-96-00955

[black redaction bar]

San Juan, Puerto Rico, a 14 de octubre de 1996

[black redaction bar]

Panel integrado por su presidenta, la Jueza Ramos Buonomo
el Juez González Román y el Juez Córdova Arone

Ramos Buonomo, Jueza Ponente

[black redaction bars]

## TEXTO COMPLETO DE LA SENTENCIA

### I

El 25 de septiembre de 1996, varios co-demandados del caso de epígrafe, presentaron ante este Tribunal una petición de *Certiorari* solicitando la revisión de la Orden en Aseguramiento de Sentencia emitida el 24 de julio de 1996 por el Tribunal de Primera Instancia, Sala Superior de San Juan, a favor de la parte recurrida, el Banco Cooperativo de Puerto Rico (en adelante el *"Banco"*).

En su recurso los peticionarios alegan que el Tribunal de Primera Instancia cometió los siguientes errores:

*"1. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al autorizar el embargo solicitado y en la manera en que fue concedido, cuando no existía justificación en la prueba desfilada.*

*2. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al autorizar el embargo de todos los bienes y activos de la parte demandada, lo cual equivale a una incautación y a la privación de todo medio de subsistencia de los demandados afectados sin el debido proceso de ley, sin siquiera establecer proporción alguna entre la cantidad alegadamente adeudada y aquella objeto del embargo.*

*3. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al no requerir de la parte demandante un previo señalamiento de bienes, al no imponer fianza como requisito previo al embargo --a pesar de que ella misma lo ofreció--, autorizando así el embargo de bienes para el pago de deudas no hipotecarias sin fianza alguna, y al ir contra la ley del caso establecida en el curso de la vista, cuando determinó que no habría*

*de autorizar el embargo de bienes no hipotecados.*

*4. Erró el Honorable Tribunal de Primera Instancia al determinar que como cuestión de derecho la parte demandante tenía el derecho absoluto de lograr el nombramiento de un síndico y al no imponerle a éste la prestación de una fianza garantizando el fiel descargo de sus funciones."*

Expedimos el auto y devolvemos el caso al Tribunal de Primera Instancia por los fundamentos expuestos más adelante.

El 5 de agosto de 1994 ▇ el Banco Cooperativo de Puerto Rico presentó una extensa demanda contra varios co-demandados cuya quinta causa de acción es en cobro de dinero por concepto de deudas, ascendentes a $25,000,000.00, alegadamente vencidas, líquidas, exigibles y evidenciadas por documentos auténticos. En dicha causa de acción se reclamaba, además, la ejecución de los contratos de prenda y de las garantías hipotecarias que garantizan las mencionadas deudas. El Banco recurrido solicitó el embargo de los bienes de varios de los co-demandados para asegurar la efectividad de la sentencia. Habiéndose opuesto al embargo los peticionarios, replicó el Banco recurrido presentando a su vez una relación o desglose de las sumas alegadamente adeudadas por los peticionarios, las propiedades dadas en garantía y los gravámenes a que éstas están sujetas. El tribunal *a quo* celebró vista sobre el aseguramiento de la sentencia el 21 de marzo de 1996 y el 1 de abril del mismo año.

El 26 de marzo de 1996 el Banco solicitó, además, el nombramiento de un síndico para administrar los bienes dados en prenda hipotecaria, oponiéndose a ello los peticionarios, mediante moción presentada en sala abierta el 1 de abril de 1996 durante la continuación de la vista sobre el aseguramiento de la sentencia.

Finalmente, el 24 de julio de 1996 el tribunal *a quo* ordenó el embargo solicitado, sin la prestación de una fianza, tanto de los bienes inmuebles y muebles dados en garantía hipotecaria, como aquellos que no garantizaban deuda hipotecaria alguna y el nombramiento de un síndico, sin la prestación de una fianza.

Presentada oportunamente una moción de reconsideración por los peticionarios y habiéndose opuesto el Banco, el tribunal *a quo* denegó la primera. No conformes, los peticionarios acuden ante nos alegando los errores antes señalados, solicitando la transcripción de las vistas evidenciarias celebradas y, presentando a su vez una moción en auxilio de nuestra jurisdicción solicitando la paralización de los procedimientos en el tribunal recurrido hasta tanto se resuelva el recurso ante nos. Celebrada una vista oral por este Tribunal y escuchados los argumentos de las partes procedemos a resolver.

## II

Por estar estrechamente relacionados, discutiremos conjuntamente los tres primeros errores. El embargo preventivo es un remedio provisional mediante el cual se afectan determinados bienes a un proceso judicial y quedan ligados o trabados de tal modo que no podrán desvincularse de las resultas del mismo. *Rivera Rodríguez v. Stowell,* ___ D.P.R. ___ (1996), **96 J.T.S. 111;** *Vda. de Galindo v. Cano,* 108 D.P.R. 277,(1979). Es, además, una medida que persigue preservar la capacidad o solvencia económica del deudor y así asegurar al acreedor la efectividad de la sentencia que en su día sea dictada. *Fresh-O-Baking Co. v. Molinos de P.R.,* 103 D.P.R. 509 (1975). Al conceder este remedio el tribunal tiene la responsabilidad de velar que los derechos de la parte promovente sean garantizados de la forma menos onerosa posible para el demandado. *Vda. de Galindo, supra,* a la pág. 282. Las Reglas 56.1 a la 56.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III Reglas 56.1 a la 56.4, son las que actualmente contienen las normas que rigen el procedimiento de embargo preventivo. La Regla 56.3 ▇ dispone en qué casos tiene discreción el tribunal para conceder un remedio provisional sin la prestación de una fianza mientras que, la 56.4 ▇ dispone que una vez se cumple con los requisitos de la Regla 56.3, el tribunal a moción *ex parte* de un reclamante podrá expedir orden de embargo.

El propósito de exigir una fianza antes de que un tribunal autorice un embargo preventivo en aseguramiento de la sentencia que pueda recaer, es el de garantizar que el dueño de los bienes embargados pueda recobrar los daños ante la posibilidad de que el embargo pueda resultar ilegal o indebido. *Blatt & Udell v. Core Cell,* 110 D.P.R. 142 (1980).

El banco alegó que procedía la concesión del embargo preventivo sin una fianza ya que las obligaciones que

dan origen a su reclamación están vencidas, son líquidas y legalmente exigibles, además de estar evidenciadas en documentos públicos. Esa alegación de ser probada *prima facie* ante el juzgador de los hechos le da discreción a este último para ordenar el embargo preventivo sin una fianza tal.

Y como lo dispone la Regla 56.3(1), *supra.* La orden de embargo recurrida luego de exponer que los peticionarios obtuvieron individual y/o mediante garantías cruzadas entre algunos de ellos varios préstamos, y exponer los balances de principal e intereses que están pendientes de pago, que la evidencia de estas deudas surge de documentos cuya autenticidad no está en controversia y señalar que de la cláusula novena inciso (c) de la escritura de hipoteca otorgada por la Juanali Development Corporation surge una disposición permitiendo al acreedor hipotecario solicitar del tribunal la designación de un síndico para administrar todos los bienes como cuestión de derecho absoluto, ▪ determinó que *"[a]nte las circunstancias presentes en este caso, concluimos que procede y es indispensable que se decrete el aseguramiento de la efectividad de la sentencia que en su día pueda recaer a favor de la parte demandante con respecto a la causa de acción por cobro de dinero. Concluimos que en el balance de intereses la parte demandante sufrirá daños que exceden los que podrán sufrir los demandados, daños que se tornarían irreparables de no decretarse el aseguramiento solicitado."*

Sin embargo, de la orden de embargo dictada, no se desprende que se haya probado *prima facie* el requisito de que las obligaciones estén vencidas y sean legalmente exigibles, es decir no asevera que los peticionarios han incumplido con sus obligaciones. Por tanto, entendemos que a los fines de conceder un embargo preventivo sin la prestación de una fianza es necesario que la orden dictada contenga determinaciones de hecho que nos coloquen en posición de poder concluir que las obligaciones alegadas en la demanda han sido incumplidas y están vencidas. En la orden ante nuestra consideración no se explica por qué no se exigió la prestación de una fianza al Banco por los bienes a ser embargados especialmente los bienes muebles que no fueron dados en garantía hipotecaria a pesar de que el Banco la ofreció según surge de la minuta del tribunal *a quo* de 21 de marzo de 1996. De la orden no se puede inferir bajo qué fundamento el tribunal recurrido ejercitó su discreción para conceder el embargo preventivo exento de fianza.

En la vista oral ante este Tribunal los peticionarios señalaron en repetidas ocasiones que no presentaron prueba en contra de la inclusión de los bienes no dados en garantía hipotecaria en la orden de embargo debido a dos razones fundamentales: (1) el Banco recurrido expresó tanto en su solicitud de embargo como en la vista celebrada en el tribunal *a quo* que sólo pasaría prueba del menoscabo en el valor de los bienes dados en garantía hipotecaria y (2) el tribunal recurrido, según surge de la minuta de 21 de marzo de 1996, señaló que ordenaría el embargo sólo de los bienes ofrecidos en garantía hipotecaria. Cabe señalar, además, que en su orden el Tribunal de Primera Instancia no señala por qué los peticionarios no pasaron prueba en la vista evidenciaria celebrada a pesar de que de la mencionada minuta se desprende que a preguntas del tribunal el Lcdo. Prieto informó que el peticionario señor Mario Suero no testificaría porque invocaría su derecho a la no autoincriminación. Si bien es cierto que el Artículo 156 de la Ley Hipotecaria, 30 L.P.R.A. Sec. 2552, dispone que la hipoteca podrá constituirse en garantía de toda clase de obligaciones y no alterará la responsabilidad personal del deudor, la orden adolece de determinaciones de hechos que fundamenten la decisión del tribunal *a quo* de expedir la orden sobre *"todos los bienes de los peticionarios, máxime cuando surge de la minuta de 21 de marzo de 1996 que el· tribunal a quo había decidido expedir la orden sólo sobre los bienes dados en garantía y que prohibiría al Banco hacer gestión alguna referente a cualquier ejecución y enajenación en relación a los demás bienes"*.

Finalmente, respecto al señalamiento de bienes en el procedimiento de embargo nos limitaremos a expresar lo resuelto por nuestro Tribunal Supremo al decir que *"[s]i bien la realización y consumación del embargo está bajo la tutela de los tribunales representado por el alguacil, la descripción y señalamiento de bienes, y de ordinario la custodia recae sobre la parte promovente y el depositario judicial designado por el tribunal a solicitud de esta última." Fresh-O-Baking Co. v. Molinos de Puerto Rico*, 103 D.P.R. 509, 519 (1975). Al decretar un embargo, el juez no tiene que especificar los bienes sobre los cuales deba trabarse. El señalamiento de bienes corresponde generalmente al embargante. *Carlo v. Corte,* 58 D.P.R. 889, 895 (1941).

En su cuarto señalamiento de error los peticionarios señalan que el Tribunal de Primera Instancia incidió al determinar que como cuestión de derecho el Banco tenía el derecho absoluto a que el tribunal nombrara un síndico y al no imponerle la prestación de una fianza garantizando el fiel descargo de sus funciones.

Según la Regla 56.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 56.6, la sindicatura es el último de los remedios a los cuales debe recurrir un tribunal para asegurar la efectividad de la sentencia. Dispone, además, que a menos que el tribunal ordene de otro modo, el síndico actuará según las reglas para la administración judicial de sucesiones.

En el caso ante nos las partes pactaron en la escritura de constitución de hipoteca de Juanalí Development Corporation objeto del litigio, que el acreedor hipotecario podría solicitar del tribunal el nombramiento de un síndico para administrar los bienes hipotecados así como las rentas, ingresos y beneficios de cualquier naturaleza que resulten de la administración de dichos bienes sin poder oponer defensa alguna. En dicha cláusula las partes estipularon que el síndico al así ser nombrado *"tendrá amplias facultades y poderes como usualmente se le conceden a un síndico por un Tribunal...."* Aunque este tipo de cláusula es permisible bajo el Artículo 234 de la Ley Hipotecaria, 30 L.P.R.A. 2734, ▇ el Tribunal de Primera Instancia pasó por alto que la prestación de una fianza a que está sujeto el síndico no es una defensa sino uno de los requisitos que éste debe satisfacer para poder tomar posesión de su cargo. El tribunal *a quo*, además, omitió señalar específicamente cuáles son las circunstancias del caso que demuestran la existencia de un peligro inminente de menoscabo a las propiedades dadas en garantía hipotecaria que examinadas a la luz de la disposición de la Ley Hipotecaria, *supra*, lo llevan a decretar la sindicatura de dichos bienes. Debido a lo anterior, la orden adolece de las determinaciones de hechos en que se basa la decisión del tribunal recurrido de nombrar un síndico y no exigirle la prestación de una fianza. De ser necesario el nombramiento de un síndico el tribunal recurrido deberá examinar las credenciales ya sometidas ante su consideración el 2 de agosto de 1996 por el Banco recurrido.

De determinar el tribunal *a quo* la designación de un depositario deberá ser objeto de la misma consideración.

Es imprescindible expresarnos sobre la importancia de los jueces del Tribunal de Primera Instancia fundamentar sus dictámenes. Es necesario que los jueces fundamenten en derecho, por lo menos sucintamente, sus decisiones y expongan los hechos que sirven de base a éstas. Sólo así las partes podrán conocer el por qué de las determinaciones y la parte adversamente afectada podrá evaluar si procede o no instar un recurso ante el Tribunal de Circuito de Apelaciones. Esto, a su vez, conlleva varias ventajas: (a) reduce el costo de los litigios ya que las partes pensarán dos veces antes de presentar recursos frívolos por los cuales pueden estar sujetos a sanciones; (b) descarga los tribunales revisores, pudiéndose de esta manera resolver de manera más eficiente y procesalmente económica los recursos de revisión; y (c) asegura a las partes dos oportunidades reales de que los dictámenes de instancia puedan ser revisados por dos foros de mayor jerarquía, el Tribunal de Circuito de Apelaciones y el Tribunal Supremo. Recordemos que mediante la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, se creó el Tribunal de Circuito de Apelaciones y se extendió a todo cuidadano adversamente afectado por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un sólo juez. ▇ Ello es así tanto en las apelaciones como en los recursos discrecionales, como el presente. A pesar de que la Regla 3.2 de las de Procedimiento Civil le otorga discreción a los tribunales de instancia en algunos casos para formular determinaciones de hechos y conclusiones de derecho, entendemos que sólo podremos ejercer nuestra función revisora de una manera eficiente, y así salvaguardar los propósitos detrás de la Ley de la Judicatura de 1994, si tenemos ante nos por lo menos una determinación de los hechos y una base clara en derecho por la cual el juzgador tomó cierta decisión. ▇

Tomamos conocimiento, además, de la cargada tarea a la cual se enfrentan diariamente los jueces del Tribunal de Primera Instancia. No pretendemos que los dictámenes sean elaborados en todas las ocasiones, sino que ello sería la excepción. Sin embargo, sí deben explicarse los dictámenes que se emiten. Para este Tribunal ejercer su función revisora, necesitamos tener los elementos de juicio del tribunal *a quo*.

Por todo lo anterior, expedimos el auto solicitado, denegamos la moción en auxilio de nuestra jurisdicción y de transcripción de las vistas celebradas y devolvemos el caso al Tribunal de Primera Instancia para que éste, dentro del término de cinco (5) días, de notificada esta orden, notifique su orden haciendo las determinaciones de hecho que avalen sus conclusiones y, si para cumplir con esta orden es necesario celebrar una nueva vista de anotación de embargo, así deberá hacerlo.

Notifíquese esta sentencia vía facsímil, por teléfono y por correo ordinario.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau<br>
Secretaria General

### ESCOLIOS 96 DTA 155

**1.** El Banco presentó una demanda enmendada el 24 de abril de 1995.

**2.** *"Regla 56.3 Fianza*

*Se podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos:*

*(1) si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; o*

*(2)........*

**3.** *"Regla 56.4 Embargo o prohibición de enajenar*

*Si se hubiere cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción ex parte de un reclamante, una orden de embargo o de prohibición de enajenar. En el caso de bienes inmuebles, tanto el embargo, así como la prohibición de enajenar se efectuarán anotándolos en el Registro de la Propiedad y notificándolos al demandado. En el caso de bienes muebles, la orden se efectuará depositando los bienes de que se trate con el tribunal, o con la persona designada por el tribunal bajo la responsabilidad del reclamante....*

*La parte que solicite la designación de una persona como depositario de los bienes a embargar deberá acreditar su dirección y teléfono si lo tuviere tanto residencial como de empleo o negocio..."*

**4.** La cláusula que estipula el nombramiento del síndico lee como sigue:

*"NOVENA ----(c) El Acreedor Hipotecario podrá en cualquier momento mientras esté pendiente cualquier proceso judicial relacionado con esta hipoteca o con el Pagaré Hipotecario, solicitar del Tribunal que tenga jurisdicción sobre la materia que se designe un síndico para administrar los Bienes Hipotecados, así como todas las rentas, ingresos y beneficios que resulten de la administración de los Bienes Hipotecados, y dicho síndico tendrá amplias facultades y poderes como usualmente se le conceden a un síndico por un tribunal, y su nombramiento se hará por el Tribunal como una cuestión de derecho absoluto concedido al Acreedor Hipotecario sin que se tenga en consideración el valor de los Bienes Hipotecados ni la solvencia de los Deudores Hipotecarios o de cualquier otro demandado; y los Deudores Hipotecarios por la presente consienten al nombramiento de dicho síndico y acuerdan no interponer defensa alguna al mismo."*

**5.** Si se hubiere pactado en la escritura de constitución de hipoteca, o si se estimare realmente necesario durante el procedimiento a petición jurada de cualquier interesado con derecho inscrito, y oídas debidamente las partes, podrá el Tribunal decretar la administración interina de los bienes hipotecados, bajo los términos y condiciones que señalare.

**6.** *Maldonado Bermúdez v. Maldonado González,* ___ D.P.R. ___ (1996), **96 J.T.S. 86,** a las págs. 1250, 1253; véase, además, la Exposición de Motivos de la Ley de la Judicatura de 1994. Señalamos que la Ley Núm. 248 de 25 de diciembre de 1995, enmendatoria de la Ley de la Judicatura de 1994, no varió los motivos por los cuales ésta se aprobó.

**7.** Aunque el reciente proceso de revisión de las Reglas de Procedimiento Civil para atemperarlas a la Ley de la Judicatura de 1994 no resultó en una enmienda a la mencionada Regla 43.2, por las razones que hemos expuesto en esta sentencia entendemos que dicha regla debería ser revisada.