*557 Opinión de conformidad emitida por el
Juez Presidente Se-ñor Hernández Denton.
Estamos conformes con la Opinión del Tribunal y la de-terminación de confirmar y modificar la sentencia recu-rrida del Tribunal de Apelaciones. No obstante, deseamos compartir algunas reflexiones adicionales sobre el curso de acción seguido por la Mayoría al adoptar finalmente la norma que anticipamos en la opinión concurrente y disi-dente.que emitimos en Rodríguez v. Syntex, 160 D.P.R. 364 (2003), hace apenas cinco años. Por entender que dicho curso de acción, sin duda, ha sido el resultado de la continua reflexión de los miembros de este Tribunal sobre las repercusiones que Rodríguez v. Syntex ha tenido en el ám-bito laboral de nuestro país, nos unimos a la mayoría al rectificar la norma pautada en el mencionado caso.
I
En Rodríguez v. Syntex, supra, este Tribunal estableció como norma que las reclamaciones al amparo del Art. 13 de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. see. 282, no tienen el efecto de interrumpir la prescripción de las accio-nes en beneficio de aquellos trabajadores que se unan con posterioridad al pleito. Para llegar a esta conclusión, el Tribunal resolvió que la acción representativa que provee el Art. 13 de la Ley de Horas y Días de Trabajo, supra, es distinta al pleito de clase provisto en la Regla 20 de Proce-dimiento Civil, 32 L.P.R.A. Ap. III. La mayoría del Tribunal en Rodríguez v. Syntex utilizó este razonamiento para jus-tificar que, a diferencia de un pleito de clase, que inte-rrumpe automáticamente los términos prescriptivos para todos los posibles miembros de la clase, la presentación de una acción representativa al amparo del mencionado Art. *558 13 no interrumpe el término prescriptivo para aquellos tra-bajadores que no se incluyeron en la demanda original y que se unieron al pleito posteriormente.
En esencia, Rodríguez v. Syntex tuvo el efecto de que las reclamaciones de todo demandante que intentara unirse a un pleito de esta índole después de pasados los tres años de haber cesado en su empleo estuvieran prescritas. En nues-tra opinión concurrente y disidente advertimos que esta interpretación no solamente era contraria al espíritu reme-diador de la Ley de Horas y Días de Trabajo, sino que tam-bién era incompatible con los propósitos que facilitan las acciones de clase en Puerto Rico. Asimismo, afirmamos que la presentación de la demanda, según la referida disposi-ción, al igual que en los pleitos de clase de acuerdo con la Regla 20 de Procedimiento Civil, supra, atiende el propó-sito perseguido por la figura de prescripción de que se les avise a tiempo a los demandados de las reclamaciones en su contra, evitando la resucitación de reclamaciones viejas y las consecuencias que esto conlleva. Por lo tanto, disen-timos del Tribunal en aquel momento porque entendíamos que la presentación de la demanda inicial en ambos casos debía tener el efecto de interrumpir el término prescriptivo para las acciones de todos los empleados o ex empleados representados que conforman la posible clase.
En el caso de autos, Josefa Arce y un grupo de ex em-pleados de Motorola Electrónica de Puerto Rico (Motorola) presentaron una acción representativa al amparo del Art. 13 de la Ley de Horas y Días de Trabajo, supra, en la que reclamaron el pago de salarios adeudados. A su vez, y de forma análoga a los hechos presentados en Rodríguez v. Syntex,(1) los demandantes solicitaron que se les certificara *559 como pleito de clase al amparo de la Regla 20 de Procedi-miento Civil, supra. En su comparecencia ante este Tribunal, nos solicitan —en esencia— que reevaluemos la norma establecida en Rodríguez v. Syntex, supra. Aducen que la presentación de una acción en cobro de salarios según la referida disposición debe tener un efecto interruptor sobre el término prescriptivo que beneficie a todos los empleados situados similarmente. Por su parte, Motorola alega, en síntesis, que una acción al amparo de la legislación laboral no se puede tramitar conjuntamente como un pleito de clase y una acción representativa, y que dicha acción no interrumpe los términos prescriptivos para los trabajado-res que no se han unido al pleito.
Hoy el Tribunal aprovecha esta coyuntura para reflexio-nar sobre el efecto que tuvo Rodríguez v. Syntex al limitar el alcance del remedio que le concedió el Art. 13 de la Ley de Horas y Días de Trabajo, supra, a los obreros que recla-man su justa compensación por las horas trabajadas. Del mismo modo que recordamos nuestro disenso en Rodríguez v. Syntex, este Tribunal ahora reconoce que la acción repre-sentativa al amparo de la referida disposición es, precisa-mente, el tipo de reclamación que resulta onerosa formu-larla individualmente, por lo que la decisión emitida en ese momento constituyó un golpe severo a un sector que este Tribunal debe proteger.
De acuerdo con lo anterior, y con el propósito de rectifi-car lo resuelto en Rodríguez v. Syntex, este Tribunal ahora adopta la postura acertada de que las diferencias entre el citado Art. 13 y la Regla 20 de Procedimiento Civil, supra, “no tienen la consecuencia de que la presentación de la demanda como acción representativa no tenga el efecto de interrumpir los términos prescriptivos para todo posible integrante de la clase trabajadora, como hemos resuelto *560 respecto a los pleitos de clase según la Regla 20”. Opinión mayoritaria, pág. 553. Endosamos la Opinión del Tribunal, pues al igual que esbozamos hace cinco años, aún entende-mos que no existe razón que justifique la distinción que hizo la mayoría entre los pleitos de clase al amparo de la Regla 20 de Procedimiento Civil, supra, y la acción repre-sentativa según el susodicho Art. 13, con el único propósito de evitar que la presentación de la demanda inicial inte-rrumpa el término prescriptivo para las acciones de todos los posibles trabajadores representados.
II
Conscientes de la importancia de la doctrina del prece-dente en nuestro ordenamiento, procedemos a reflexionar sobre el efecto jurídico que tiene el caso de autos ante el desarrollo jurisprudencial del Derecho aplicable. Como bien señala la opinión mayoritaria, este Tribunal ha reco-nocido en el pasado que una decisión debe ser rectificada cuando sea manifiestamente errónea, por lo que no puede “ ‘sostenerse sin violentar la razón y la justicia’ ”. Opinión mayoritaria, pág. 555, citando a Capestany v. Capestany, 66 D.P.R. 764, 767 (1946). Es decir, toda vez que una con-troversia dé derecho ha sido deliberadamente resuelta luego de argumentos solemnes, la norma pautada en ésta no se debe variar a menos que su resolución haya sido pa-tentemente equivocada, por lo cual sería irrazonable e in-. herentemente injusto reafirmar dicha decisión. Véanse: González v. Merck, 166 D.P.R. 659 (2006); San Miguel, etc. & Cía. v. Guevara, 64 D.P.R. 966, 974 (1945); Banco de Ponce v. Iriarte, 60 D.P.R. 72, 79 (1942).
Un error palpable que viole la justicia, la razón y el derecho debe corregirse, no importa cuándo ni cómo se haya cometido. Como aclaramos en García Fernández, Ex parte, 44 D.P.R. 296, 301 (1932),
“ ‘Hay casos en nuestr[a jurisprudencia] que tienen tales *561 muestras de festinación y descuido, que exigen recon-sideración. Hay algunos de que es necesario prescindir, porque no pueden reconciliarse con otros. Hay viejas decisiones cuya autoridad ha venido a ser anticuada, a causa de un cambio total en las circunstancias del país, y del progreso en la opinión. Témpora mutantur. Variamos con el cambió del tiempo, tan necesariamente como nos movemos con el movi-miento de la tierra.’ ”
No obstante lo anterior, éstos no son los únicos funda-mentos para revocar una norma establecida por este Tribunal. Recientemente en González v. Merck, supra, emitimos rma opinión de conformidad en la cual discutimos cabalmente la doctrina de stare decisis. En esa ocasión ex-plicamos que la excepción a dicha doctrina para revocar un precedente se ha aplicado cuando concurren tres criterios, a saber: (1) la decisión anterior era claramente errónea; (2) los efectos de la decisión sobre el resto del ordenamiento son adversos, y (3) la cantidad de personas que confían en la decisión es limitada. Id., citando a W.N. Eskridge, Jr., Overruling Statutory Precedents, 1Q (Núm. 4) Georgetown L.J. 1361 (1988). Véase United States v. Reliable Transfer Co., 421 U.S. 397 (1975).
En el caso de epígrafe entendemos que concurren, prin-cipalmente, los últimos dos criterios. Ello se debe a que hoy el Tribunal ha ponderado y reflexionado sobre los efectos jurídicos y sociales de su decisión en Rodríguez v. Syntex para determinar si la norma tiene consecuencias indeseadas. Como afirmamos anteriormente, la decisión emitida en aquella ocasión tuvo un efecto nocivo sobre el derecho de los trabajadores del país a reclamar sus salarios. El caso de autos nos brinda la oportunidad de reconocer que la acción representativa al amparo del Art. 13 de la Ley de Horas y Días de Trabajo, supra, es el tipo de reclamación laboral que resulta onerosa formularla in-dividualmente, por lo que no debemos desalentarla con tra-bas excesivas que no surgen claramente de la legislación *562 social pero que desafortunadamente se dedujeron de la po-sición que asumimos en Rodríguez v. Syntex.
El otro criterio que debemos examinar al decidir si re-vocamos un precedente jurisprudencial es el impacto que la norma que se pretende revocar ha tenido sobre la vida del público en general. A estos efectos, hemos afirmado que la doctrina de stare decisis cobra mayor vigor mientras más amplio sea el número de personas que ha confiado en el precedente. Por el contrario, la doctrina admite más ex-cepciones a medida que el grupo afectado por el precedente sea más limitado. Gonzalez v. Merck, supra. Es necesario señalar que la regla de interpretación estatutaria que rei-teradamente hemos aplicado a las leyes laborales incide sobre este criterio. Dichas leyes se deben interpretar libe-ralmente y resolver de la forma más favorable hacia el obrero, cumpliendo, así, con los propósitos eminentemente sociales y reparadores de la legislación laboral. Torres v. Mun. de Coamo, 170 D.P.R. 541 (2007). Sin embargo, la norma pautada en Rodríguez v. Syntex impactó negativa-mente los derechos de los trabajadores, un sector significa-tivo de la sociedad que este Tribunal debe proteger y que no ha depositado ninguna confianza en el mencionado precedente.
El caso de autos nos permite rectificar la posición que tomó el Tribunal en Rodríguez v. Syntex y no tenemos re-paros en así hacerlo. Por ende, estamos conformes con la decisión emitida por la mayoría de este Tribunal.

 A pesar de que los demandantes en Rodríguez v. Syntex, 160 D.P.R. 364 (2003), desistieron posteriormente de su intención de tramitar el pleito como de clase al amparo de la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, el ratio deci-dendi de ese caso se fundamentó sustantivamente en una distinción entre la figura del pleito de clase en la mencionada regla y la considerada en el Art. 13 de la Ley de Horas y Días de Trabajo, 29 L.P.R.A. see. 282. La mayoría del Tribunal ahora recti- *559 fica esa distinción y, esencialmente, adopta la posición que asumimos en aquella ocasión al reafirmar que el Art. 13 y la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, son compatibles y al aclarar que la materia sobre la que versa el litigio no es razón, por sí misma, para descartar el mecanismo procesal del pleito de clase.