AVALO SÁNCHEZ *v.* PORRATA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª.

MOCIÓN para que se desestime la apelación.

No. 881.—Resuelto en noviembre 20, 1912.

EFECTIVIDAD DE SENTENCIA—DESESTIMACIÓN DE APELACIÓN—PRÓRROGA DE TÉR-
MINOS JUDICIALES.—Los preceptos de la sección 13 de la ley de efectividad
de sentencias de marzo 1, 1902 (sec. 381 de los Estatutos Revisados), se
refieren a los casos en que la parte que obtiene el aseguramiento de sentencia
demora el pleito principal, pero no tienen aplicación a las prórrogas que se
piden en un incidente del pleito principal, que para nada obstaculiza la marcha
de dicho pleito.

ID.—DESESTIMACIÓN DE APELACIÓN.—De acuerdo con la doctrina expuesta en el
párrafo anterior no procede la desestimación de una apelación contra una
orden dejando sin efecto el embargo decretado sin fianza en un pleito para
asegurar la efectividad de la sentencia que pueda dictarse en el mismo, por
el fundamento de que la parte apelante que obtuvo el embargo para ase-
gurar la efectividad de la sentencia, pidió y se le concedieron por este tribunal
varias prórrogas para presentar la transcripción de autos y el alegato a los
efectos de la apelación interpuesta.

DESESTIMACIÓN DE APELACIÓN—NOTIFICACIÓN DE MOCIONES PIDIENDO PRÓRRO-
GAS—DISCRECIÓN DEL TRIBUNAL SUPREMO.—La concesión de prórrogas des-

cansa en la discreción de este tribunal y por lo tanto es innecesario notificar las mociones solicitando prórrogas, ni oir respecto de ellas a la parte contraria, no procediendo, por tanto, la desestimación de una apelación por el hecho de haber sido concedidas varias prórrogas a la parte apelante para la presentación de la transcripción de autos, sin haber sido notificada la parte contraria de dichas mociones de prórrogas.

ID.—DISCRECIÓN DEL TRIBUNAL SUPREMO—NOTIFICATIÓN DE MOCIONES DE PRÓRROGAS DE MÁS DE TREINTA DÍAS.—Los preceptos de la regla 53 del Tribunal Supremo se refieren a las mociones en que se solicita una prórroga de mas de treinta días, pero no al caso, como el de autos, en que cada una de las prórrogas solicitadas no ha excedido de más de treinta días, y aun en el supuesto de que este tribunal hubiera concedido alguna prórroga sin que la parte hubiera cumplido con los requisitos de la regla 53, ese incumplimiento no produce necesariamente la desestimación de la apelación, porque es discrecional en esta corte el desestimar o no una apelación.

ID.—ENTREGA DE COPIA DE LA TRANSCRIPCIÓN DE AUTOS A LA PARTE CONTRARIA—DEFECTO JURISDICCIONAL.—La constancia de la entrega por el apelante de copia de la transcripción de autos a la parte contraria, no es parte esencial o integrante de dicha transcripción, sino una fórmula legal que no afecta a la jurisdicción de la Corte Suprema, cuya omisión puede subsanarse en tiempo sin que se lastimen los derechos de las partes apeladas, y por lo tanto no debe desestimarse una apelación por el fundamento de no constar en la transcripción de autos presentada en la secretaría de este tribunal la entrega de copia de la misma a la parte contraria, cuando con anterioridad al día señalado para la vista de la moción de desestimación, se ha subsanado esta omisión entregando dicha copia a la parte apelada.

ID.—ENTREGA DE COPIA DE LA TRANSCRIPCIÓN DE AUTOS A CADA UNO DE LOS ABOGADOS DE LOS APELADOS.—Cuando, como en el caso de autos, tres de los apelados están representados por un abogado, y otros dos apelados por este mismo abogado y otro más, la entrega de una sola copia de la transcripción de autos al abogado que sólo representa a dos de los apelados, y al cual está asociado el abogado que representa a los cinco apelados, es suficiente cumplimiento de la ley que exige la entrega de una copia de la transcripción de autos, sobre todo cuando no se ha demostrado que con tal procedimiento se ocasionara perjuicio a los apelados.

Los hechos están expresados en la opinión.

Abogados de la parte promovente: *Sres. Horacio S. Belaval y José A. Poventud.*

Abogado de la parte contraria: *Sr. H. S. Scoville.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La presente apelación ha sido establecida contra una orden del juez de la corte inferior que dejó sin efecto otra que había dado, concediendo aseguramiento de sentencia sin prestación de fianza.

Pendiente la apelación en esta Corte Suprema, los demandados y apelados presentaron una moción para que se desestimara la apelación, fundándose:

Primero. En que al apelante se le concedieron diversas prórrogas para presentar en esta Corte Suprema la transcripción de los autos, y también después para radicar su alegato.

Segundo. En que de acuerdo con la sección 381 de los Estatutos Revisados de Puerto Rico, el aseguramiento de sentencia debe quedar sin efecto como consecuencia de esas prórrogas.

Tercero. En que las mismas fueron concedidas sin notificación de los apelantes, excepto la última.

Cuarto. En que el apelante no ha cumplido con el artículo 299 del Código de Enjuiciamiento Civil tal como quedó enmendado por la ley de 9 de marzo de 1911, que exige el archivo de la transcripción del récord con la constancia de haberse entregado copia literal de la misma a los abogados de las partes apeladas.

El fin que ha perseguido la ley para asegurar la efectividad de las sentencias es garantir los derechos reclamados por el que obtiene el aseguramiento, mientras se resuelve definitivamente su reclamación, y como mientras dura el pleito subsisten por regla general las medidas tomadas para el aseguramiento, la ley, deseosa de que con ellas se causen las menores molestias, ha decretado que el aseguramiento quede sin efecto si se demora el pleito, salvo caso de fuerza mayor. Por consiguiente, la demora que se castiga con la pérdida del aseguramiento es la que dilata la resolución de la contienda entre las partes para hacer efectiva alguna obligación, pero no hay disposición alguna que imponga ese castigo al que demore alguna cuestión incidental que no obstaculiza la marcha del pleito.

En este caso la demora se alega haber ocurrido en el incidente apelado sobre si debe quedar subsistente la orden

que dejó sin efecto el aseguramiento decretado anteriormente sin fianza.

No se ha alegado ni probado que el apelante haya demorado la resolución de su pleito, sino de un incidente que no la obstaculiza, y por tanto no es aplicable el precepto consignado en dicha sección 381.

En cuanto al fundamento de desestimación por las prórrogas concedidas sin notificación de los apelados, diremos que descansando la concesión de prórrogas en la discreción de la corte, no es necesario notificar ni oir respecto de ellas a las otras partes; y si bien la regla 53 de nuestro reglamento determina que cuando se solicita una prórroga que demore el asunto por más de 30 días, se denegará si la parte contraria no ha sido notificada o no consiente en ella por escrito, sin embargo, no era aplicable esa disposición en esta caso porque ninguna de ellas es superior a 30 días; de todos modos, el que se hubiera concedido alguna sin los requisitos de esa regla no produciría necesariamente la desestimación del recurso, ya que es discrecional en esta corte en tal caso el decretarla o no. (Reglas 58, 59 y 60 de las de esta Corte Suprema.)

Con respecto al último motivo alegado para que se desestime la apelación, resulta de la transcripción que aunque el pleito se sigue contra diez personas, sólo cinco de ellas hicieron oposición al aseguramiento de sentencia que decretó el juez, estando tres representadas por el Abogado Sr. Poventud y las otras dos por dicho abogado y además por el Sr. H. S. Belaval. Revocada por el juez la orden recurrida e interpuesta apelación de esta última por el demandante, no consta de la transcripción del récord presentada en la Secretaría de esta Corte Suprema que una copia de ella fuera entregada a los abogados de las partes apeladas, pero el día señalado para discutirse la moción de desistimiento y antes de que la vista de ella se celebrara, el apelante entregó al Abogado Sr. Belaval la mencionada copia.

Ya hemos resuelto que la certificación de la entrega del récord a la parte apelada no es esencial e integrante del mismo récord, y que es una formalidad legal que no efecta a la jurisdicción de esta corte, cuya omisión puede subsanarse en tiempo en que no se lastimen los derechos de las partes apeladas.

*García* v. *American R. R. Co. of Porto Rico,* 17 D. P. R., 949; *Sucesores de José Martínez* v. *Tomás Dávila & Co.,* 17 D. P. R., 1008; *Hernández* v. *American R. R. Co. of Porto Rico,* 17 D. P. R., 1225.

Es indudable que hubiera sido mejor práctica por parte del apelante entregar una copia de la transcripción a cada uno de los abogados de los apelados , pero como se ha demostrado, que si bien el Abogado Poventud defiende separadamente a tres de los apelados, está asociado en la defensa de los otros dos al abogado Sr. Belaval, puede concluirse que la entrega de una copia a este último es suficiente, tanto más cuanto que no se ha demostrado que con tal procedimiento se ocasionara perjuicio alguno a los apelados que representa el abogado Sr. Poventud.

Por las razones expuestas la moción de desestimación debe declararse sin lugar.

*Sin lugar la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.