González et al., Demandantes y Apelantes, *v.* Hernández et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre nulidad y reivindicación (nulidad de embargo.)

No. 2684.—Resuelto en julio 20, 1922.

Aseguramiento de Sentencia — Embargo — Prórroga para Enmendar la Demanda—Suspensión de la Vista—Nueva Solicitud de Embargo.—Si bien la sección 13 de la Ley para Asegurar la Efectividad de las Sentencias prescribe que el aseguramiento quedará sin efecto en los casos que en la misma se determinan, dicha ley no dispone expresamente que no pueda trabarse nuevo embargo, si como aquí sucede, el embargo anterior quedó sin efecto a moción de los demandados y por allanamiento de los demandantes, derecho que no puede negarse a éstos por estarle reconocido por la ley.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Marín Marién.*

Abogado de los apelados: *Sr. L. Méndez Vaz.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Los demandantes obtuvieron una orden de embargo para asegurar la efectividad de la sentencia que pudiera dictarse a su favor en el pleito. Durante la tramitación de éste pidieron y obtuvieron la prórroga de un término judicial sin alegar causa para ella. Entonces los demandados pidieron a la corte que dejara sin efecto dicho embargo fundándose en lo dispuesto en la sección 13 de la ley de 1º. de marzo de 1902 para asegurar la efectividad de las sentencias, según la cual todo embargo quedará sin efecto si la vista del pleito fuere suspendida a petición de la parte que obtuvo dicho

aseguramiento, o si cualquier término judicial fuere prorrogado a su instancia, excepto si la petición de suspensión o de prórroga se fundó en causas de fuerza mayor debidamente justificadas.

Radicada esa moción el 9 de enero de 1922 los demandantes se allanaron a ella el día 14 y en ese día pidieron a la corte y obtuvieron una nueva orden de embargo que se trabó en los mismos bienes que estaban embargados anteriormente. El día 16 los demandados pidieron que se anulara esa segunda orden de embargo porque dejado sin efecto el primer embargo están privados los demandantes de pedir y obtener un nuevo embargo para aseguramiento de la sentencia, de acuerdo con la sección 13 antes citada. De conformidad con esta petición la corte dejó sin efecto la orden de embargo del día 14 de enero, siendo esta resolución la que motiva la apelación interpuesta por los demandantes.

Lo que dispone la sección 13 de la ley antes citada es que el aseguramiento de la sentencia quedará sin efecto en los casos en ella mencionados, mandato que aceptaron los demandantes allanándose a la petición que en ese sentido hicieron los demandados, pero no dispone que después no pueda pedirse y obtenerse otra orden de embargo para aseguramiento de la sentencia. En el caso de que por cualquier motivo se anule o se deje sin efecto el aseguramiento de sentencia, el que lo obtuvo sufrirá las consecuencias de esa resolución, como la de que otro acreedor trabe embargo, que el demandado enajene sus bienes, etc., pero no disponiendo la ley expresamente que no pueda trabarse otro aseguramiento de sentencia no puede negarse a un demandante ese derecho que tiene reconocido por la ley. Si esa resolución tuviera el efecto que le atribuyen los apelados les bastaría a los demandantes con presentar nueva demanda con aseguramiento de sentencia y desistir de la anterior.

Por esas razones debe ser revocada la resolución de 6 de

febrero de 1922 que dejó sin efecto el embargo decretado el 14 de enero anterior.

*Revocada la resolución apelada y dejado sin efecto el embargo decretado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.