El Pueblo de Puerto Rico y en su representación Guillermo Esteves, Comisionado del Interior, demandante y apelado, *v.* Rafael y José L. Berríos y F. Mariano Colón Berríos, demandados y apelantes.

No. 5495.—*Sometido:* Mayo 29, 1931. *Resuelto:* Mayo 27, 1932.

*González Fagundo & González, Jr.,* abogados de los apelantes; *Hon. Attorney General James R. Beverley* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los apelantes se quejan de la actuación de la Corte de Distrito de Humacao al librar una orden de embargo para asegurar la efectividad de la sentencia después de haberse disuelto un embargo original. La sección 13ª de la ley para asegurar la efectividad de sentencias, provee:

"Todo aseguramiento de sentencia quedará sin efecto si la vista del pleito fuere suspendida a petición de la parte que obtuvo dicho aseguramiento, o si cualquier término judicial fuere prorrogado a su instancia, excepto si la petición de suspensión o prórroga se fundó en causas de fuerza mayor debidamente justificadas."

El demandante, El Pueblo de Puerto Rico, para asegurar una sentencia obtuvo un embargo y con posterioridad al

mismo obtuvo una o más suspensiones del juicio. Esto, conforme admite el demandante, dió derecho a los demandados a solicitar que se anulara el embargo. Los demandados radicaron en la Corte de Distrito de Humacao una moción para anular dicho primer embargo. Mientras estaba pendiente esta moción, el demandante radicó otra moción en la cual convenía en que la primera orden de embargo debía ser declarada nula y sin valor alguno, mas solicitaba la expedición de una nueva orden. La Corte de Distrito de Humacao, en 29 de octubre de 1930, dictó una resolución anulando el primer embargo y el mismo día libró otra resolución para que se embargaran los mismos bienes ya embargados.

La teoría de los apelantes es que la sección 13 es una penalidad y que una vez que un demandante ha infringido dicha sección, éste no tiene en el mismo litigio derecho ulterior a embargar bienes pertenecientes al demandado.

No estamos de acuerdo con que un demandante no tiene derecho en cualquier momento durante el juicio a solicitar el embargo de bienes. El derecho de embargo es general. La sección meramente comprende casos en que el juicio es demorado después de trabarse el embargo y no incluye casos en que se obtiene un nuevo embargo y en que no ocurre demora alguna con posterioridad al mismo. *González* v. *Hernández,* 31 D.P.R. 73. Nada hallamos en este caso que sea inconsistente con el de *Avalo Sánchez* v. *Porrata,* 18 D.P.R. 908.

■ En su segundo señalamiento de error los apelantes se quejan de que la corte inferior cometió error al permitir al Pueblo de Puerto Rico efectuar un embargo sin prestación de fianza. El artículo 356 del Código de Enjuiciamiento Civil provee en inglés lo siguiente:

"In any civil action or proceeding wherein the Island or the people of the Island is a party plaintiff, or any insular officer in his official capacity, or on behalf of the Island, or any city or district, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of said Island, of the people thereof, or any officer thereof, or of any city; but on complying with the other

provisions of this Code, said Island or people thereof, or any insular officer, acting in his official capacity, or any city, or district, has the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this Code.''

Este artículo ha sufrido ligeramente en su traducción. Según la versión inglesa es claro que El Pueblo de Puerto Rico o cualquier funcionario insular puede, sin fianza, proseguir cualquier acción civil o procedimiento. El apelado cita cierto cúmulo de jurisprudencia de California para demostrar que el estado y sus funcionarios están generalmente exentos de prestar fianza, mas creemos que el artículo por sí solo es claro. No importa que la ley para asegurar la efectividad de sentencias sea una ley independiente. No obstante éste es un procedimiento que cae dentro del Código de Enjuiciamiento Civil.

■ ■ Convenimos en que la cuestión relativa a la cuantía de que deben responder los fiadores en un litigio instituído contra principal y fiador, es una que pudo ser suscitada en el juicio de este caso. Igualmente convenimos con el apelado en que el remedio para un embargo excesivo es la presentación de una moción para reducir el mismo, y no una para anularlo.

*Debe confirmarse la orden de la Corte de Distrito de Humacao.*

El Juez Asociado Señor Córdova Dávila no intervino.