

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Komodidad Distributors, Inc.<br><br>     Peticionaria<br><br>        v.<br><br>Jackeline Sánchez Quiñones<br>John Doe y la Sociedad Legal de<br>Gananciales compuestas por ambos<br><br><br>     Recurrida | Certiorari<br><br>2010 TSPR 218<br><br>180 DPR ____ |

Número del Caso: AC-2008-16

Fecha: 22 de noviembre de 2010

Tribunal de Apelaciones:

      Región Judicial de Fajardo Panel IX

Juez Ponente:      Hon. José Miranda de Hostos

Abogado de la Parte Peticionaria:

          Lcdo. José Rafael del Valle Rodríguez

Materia: Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Komodidad Distributors, Inc.

    Peticionaria

       v.

Jackeline Sánchez Quiñones
John Doe y la Sociedad Legal      AC-2008-16
de Gananciales compuesta por
ambos

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 22 de noviembre de 2010.

Por estar igualmente dividido el Tribunal, se dicta sentencia confirmando la sentencia emitida por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez emite Opinión disidente a la que se une el Juez Presidente señor Hernández Denton. La Jueza Asociada señora Fiol Matta disiente sin opinión escrita. El Juez Asociado señor Martínez Torres está inhibido.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Komodidad Distributors, Inc.

    Peticionaria

        v.

Jackeline Sánchez Quiñones
John Doe y la Sociedad Legal        AC-2008-16
de Gananciales compuesta por
ambos

    Recurrida

Opinión disidente emitida por la Juez Asociada Rodríguez Rodríguez a la que se une el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 22 de noviembre de 2010.

El presente recurso nos brindaba la oportunidad de aclarar algunos aspectos sobre el proceso de ejecución de sentencia en casos de cobro de dinero bajo la Regla 51.2 de Procedimiento Civil, *infra*. Específicamente, si el Tribunal de Primera Instancia puede requerir que el promovente de la ejecución provea la dirección física de los bienes de la parte perdidosa con los cuales interesa satisfacer su acreencia, como condición previa e indispensable a la expedición del mandamiento de ejecución; ello aún cuando dicho trámite se lleve a cabo dentro de los primeros

cinco (5) años de advenir final y firme la sentencia. Tras examinar las reglas procesales pertinentes junto a nuestra jurisprudencia, soy del criterio que tal requerimiento es improcedente.

Lamentablemente, por estar igualmente dividido el Tribunal, no se puede aclarar esta controversia.

I.

El 26 de junio de 2007, la peticionaria Komodidad Distributors Inc., instó demanda en cobro de dinero contra la Sra. Jackeline Sánchez Quiñones, su cónyuge de nombre desconocido y la sociedad legal de gananciales compuesta por ambos. La reclamación se presentó bajo el procedimiento sumario dispuesto en la entonces vigente Regla 60 de las Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 60, exigiendo el pago de $2,341.35. Tras ser notificada del procedimiento y citada a la vista señalada por el Tribunal de Primera Instancia, la parte demandada no compareció. En la referida vista el foro primario constató que la demandada fue debidamente citada y, aun así, ésta última no presentó objeción alguna a la reclamación instada en su contra. Por ello, luego de evaluar una declaración jurada que fuera presentada por la parte demandante en la cual afirmaba tener una acreencia vencida, líquida y exigible, dicho foro ordenó a la demandada a satisfacer la cantidad exigida en la reclamación, así como las costas y honorarios de abogado. La sentencia en rebeldía, emitida el 22 de septiembre de

2007, fue notificada a las partes el 25 de septiembre del mismo año.

El 27 de noviembre de 2007, la peticionaria presentó una moción al Tribunal de Primera Instancia solicitando que se ordenara la ejecución de la sentencia en cobro de dinero previamente dictada por el tribunal. La moción contenía la fecha en que la sentencia fue archivada en autos y señalaba que la parte perdidosa aún no la había satisfecho a pesar de ser final y firme. Igualmente, en la moción solicitaba la designación de tres depositarios judiciales y el embargo de bienes suficientes de la demandada para satisfacer la sentencia.[1] Cabe señalar que, al término de la moción, el promovente certificó haber enviado copia de la misma a la parte demandada utilizando su dirección de record.

Por su parte, el foro primario dictó la siguiente orden el 9 de enero de 2008: "Provea la parte demandante dirección física donde ubican los bienes sujeto de embargo en un término de 10 días." Poco después el tribunal ordenó a la peticionaria que cumpliera con lo anterior so pena de denegar la solicitud de ejecución.

Inconforme, la peticionaria acudió mediante recurso de *certiorari* al Tribunal de Apelaciones solicitando la revisión de la orden de 9 de enero de 2008. Allí alegó que el tribunal de instancia erró al sujetar la expedición del mandamiento de ejecución de sentencia, a la previa

---

[1] La peticionaria sostiene que la referida moción estaba acompañada de un *Proyecto de Orden de Ejecución y Mandamiento*, mas éste no consta en nuestro expediente ni en el del Tribunal de Apelaciones.

presentación de la dirección de los bienes del deudor. Mediante una breve resolución, un panel del Tribunal de Apelaciones (Martínez Torres, Miranda de Hostos, Feliciano Acevedo) denegó expedir el recurso solicitado por entender que el tribunal de instancia tenía la facultad y discreción para hacer el requerimiento impugnado.

De dicha determinación acude ante este Tribunal la peticionaria mediante recurso de apelación. En su escrito aduce que el Tribunal de Apelaciones debió expedir el auto de *certiorari* que le fuera solicitado y dejar sin efecto la orden de instancia mediante la cual se requiere información de los bienes del deudor como condición indispensable para ordenar la ejecución de la sentencia.[2] La peticionaria también alega que la orden es errada ya que no está contemplada en las reglas procesales sobre ejecución de sentencias en cobro de dinero. Asimismo, sostiene que no conoce la dirección física de los bienes de la recurrida, por lo que para proveer dicha información al tribunal tendría que solicitarla a la otra parte, quedando entonces

---

[2] Ante nosotros la peticionaria señaló la comisión del siguiente error:

> "Erró el TA al negarse a expedir el auto de *certiorari* y sostener al TPI en su exigencia y requerimiento a la apelante de proveer información relativa a la dirección física donde ubican los bienes susceptibles de embargo de la apelada, como condición indispensable para dictar la orden de ejecución de sentencia dineraria dentro del término de cinco años de ser firme e impedir el libramiento del correspondiente mandamiento de ejecución, aun cuando ello no es lo que se contempla, específicamente, en la Regla 51.2 de Procedimiento, ni en el actual estado de derecho."

ésta advertida del procedimiento de ejecución de sentencia que se lleva en su contra antes de obtenerse la orden del tribunal. Tal escenario, según la peticionaria, da al traste con determinaciones previas de este Foro en las cuales hemos expresado que no es necesario notificar a las partes contra las que se pretende ejecutar una sentencia, siempre que se realice dentro de los primeros cinco (5) años de ésta advenir final y firme.

El 13 de junio de 2008 acogimos el recurso presentado como uno de *certiorari* y expedimos. La parte recurrida no compareció, a pesar de haber sido debidamente notificada y habérsele brindado un término para ello. Vistos los hechos, pasamos a resolver.

II.

La ejecución de una sentencia es un mecanismo suplementario que tiene disponible aquel litigante vencedor que desea satisfacer el dictamen final y firme que ha obtenido, poniendo así fin al sinuoso proceso que puede ser el litigio. Este mecanismo "le imprime continuidad a todo proceso judicial que culmina con una sentencia. Es necesario recurrir a la ejecución forzosa de una sentencia cuando la parte obligada incumple con los términos de la sentencia." *Municipio de San Juan v. Professional Research*, 171 D.P.R. 219, 247-48 (2007), *citando a* R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, Michie de Puerto Rico, 1997, Cap. 63, pág. 453.

Dicho procedimiento está regulado por la Regla 51 de Procedimiento Civil.   32 L.P.R.A. Ap. III, R. 51.   Sobre cuándo procede la ejecución de una sentencia, la Regla 51.1 dispone:

> La parte a cuyo favor se dicte sentencia, podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, **en cualquier tiempo dentro de cinco (5) años de ser firme la misma.   Expirado dicho término, podrá ejecutarse la sentencia mediante autorización del tribunal a moción de parte y previa notificación a todas las partes**. Si después de registrada la sentencia se suspendiere la ejecución de la misma por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución. (Énfasis nuestro).

En varias ocasiones nos hemos expresado sobre la Regla 51.1 de Procedimiento Civil de 1979, la cual es prácticamente idéntica a la hoy vigente.[3]   Hemos aclarado que la parte que obtiene sentencia a su favor puede hacerla efectiva en cualquier momento dentro de los cinco (5) años de ésta advenir final y firme, sin tener que presentar

---

[3] La Regla 51.1 de las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, R. 51.1, dispone:

> "La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme.  Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes.   Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución."

moción al tribunal ni notificar a la parte contraria.  R. 51.1, *supra*; *Municipio de San Juan v. Professional Research*, *supra*; *Igaravidez López v. Ricci Asencio*, 147 D.P.R. 1 (1998); *Avilés Vega v. Torres Dávila*, 97 D.P.R. 144 (1969).  La notificación de la ejecución en este período se desfavorece porque "tendría el efecto de prevenir al deudor dándole la oportunidad para esconder o transferir propiedades y frustrar así el propósito del mandato de ejecución".  *Avilés Vega v. Torres Dávila*, *supra*, pág. 149.  "Es propio asumir que todo litigante sabe las consecuencias de una sentencia en su contra . . .." *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, pág. 690 (1979).  De manera que sólo cuando expira el término de cinco (5) años se requiere autorización del tribunal para la ejecución de la sentencia, previa moción de parte y notificación a todas las partes.  R. 51.1, *supra*; *Municipio de San Juan v. Professional Research*, *supra*; *Igaravidez López v. Ricci Asencio*, *supra*; *Avilés Vega v. Torres Dávila*, *supra*.

Por otro lado, si la ejecución de la sentencia se realiza dentro del plazo de cinco (5) años de haberse dictado la sentencia, la parte victoriosa sólo tiene que presentar su sentencia final y firme en la secretaría del tribunal y obtener un mandamiento de ejecución de sentencia.  Esto se desprende de la interpretación conjunta de la Regla 51.1, *supra*, y la Regla 65.2, 32 L.P.R.A. Ap. III, R. 65.2.  Esta última dispone que todas las mociones para solicitar la "expedición de mandamientos" y "otros

procedimientos para los cuales se requiere el permiso u orden del tribunal" serán consideradas por el secretario del tribunal. *Id.* Ya que bajo la Regla 51.1 no se requiere orden del tribunal para la ejecución de una sentencia en los primeros cinco (5) años, y el secretario del tribunal es quien está autorizado a expedir mandamientos y atender otros asuntos que no requieren permiso del tribunal, es forzoso concluir que en dicho procedimiento sólo se requiere obtener un mandamiento de ejecución de sentencia expedido por el secretario del tribunal.

Por ello hemos expresado anteriormente que en esos casos tanto la orden del tribunal como su notificación pueden considerarse innecesarias. *Lawton v. Porto Rico Fruit Exchange*, 42 D.P.R. 291 (1931); *Banco Terr. y Agríc. de P.R. v. Marcial*, 44 D.P.R. 129 (1932); *Avilés Vega v. Torres Dávila*, *supra*. "La expedición del mandamiento de ejecución [dentro del plazo de cinco (5) años de advenir firme la sentencia] es un acto ministerial del secretario", *Lawton v. Porto Rico Fruit Exchange*, *supra*, pág. 300, y estando presentes las condiciones necesarias para su expedición, el secretario no puede negarse a expedirlo.

Esto es particularmente importante cuando se tienen sentencias en cobro de dinero ya que la Regla 51.2, *supra*, especifica que las mismas se harán cumplir mediante **mandamientos de ejecución dirigidos al alguacil** para ser entregados a la parte interesada, especificando los términos de la sentencia y la cantidad a pagar. *Id.* De

igual forma, esta regla nos permite concluir que el procedimiento de ejecución de sentencia en casos de cobro de dinero se divide en dos etapas.  En la primera fase, el promovente de la ejecución procura obtener el mandamiento de ejecución de la secretaría del tribunal, mientras en la segunda, gestiona su diligenciamiento por el alguacil. *Véase además* Regla 51.5, 32 L.P.R.A. Ap. III, R. 51.5.  Es en esta segunda fase donde deberá brindarse la dirección física de los bienes del deudor, su descripción y cualquier otra información necesaria para que el alguacil pueda llevar a cabo su encomienda.  *Véase*, *Carlo v. Corte*, 58 D.P.R. 889, 895 (1941) ("Es el demandante quien generalmente **señala al marshal** los bienes que han de sujetarse al embargo . . ..") (Énfasis suplido).  En la etapa de expedición del mandamiento no es indispensable conocer la ubicación de los bienes del deudor, pues su propósito inmediato es obtener una orden dirigida al alguacil para que haga cumplir la sentencia.  Será luego, cuando el acreedor interese que el alguacil efectivamente diligencie la orden para tomar posesión de bienes del deudor por la cantidad y bajo los términos dispuestos en la sentencia final y firme, que tendrá necesariamente que señalar la ubicación de los bienes.  De otra forma el acreedor no podrá satisfacer su sentencia pues el alguacil no contará con la información necesaria para ello.  A esos efectos el profesor Hernández Colón aclara:

> Librado el mandamiento al alguacil, éste lo diligencia incautándose de fondos pertenecientes al deudor por sentencia o embargando sus bienes

muebles o inmuebles. **Los fondos o bienes que serán objeto de la ejecución le son señalados al alguacil por la parte promovente mediante un escrito dirigido a éste y denominado "Señalamiento de Bienes".** Esta parte puede señalar indistintamente bienes muebles o inmuebles, o ambos.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, San Juan, LexisNexis de Puerto Rico, 5$^{ta}$ ed., 2010, Cap. 63, pág. 571 (Énfasis suplido).

Ahora bien, aunque el proceso adecuado para ejecutar una sentencia de cobro de dinero dentro del plazo de cinco (5) años de ésta haber advenido final y firme, es la presentación ante el secretario del tribunal de una solicitud de mandamiento de ejecución, "[l]a práctica usual . . . es que se presenta una moción al tribunal para que éste a su vez ordene al secretario que expida el mandamiento". *Id*. Esta práctica, aunque no está prohibida, atenta contra la economía procesal y judicial pues aumenta la faena del juez y dilata aún más la resolución de los conflictos. Todo ello es precisamente lo que la Regla 51.1, *supra*, y la Regla 51.2, *supra*, pretenden evitar.

Finalmente, debemos recordar que cuando se procede con el diligenciamiento de la ejecución de la sentencia el deudor no queda desamparado de protección. Aunque es el acreedor quien inicialmente señalará los bienes del deudor que se tomarán para satisfacer la sentencia, cuando los bienes del deudor tengan un valor mayor a la cantidad adeudada, "deberá el alguacil embargar únicamente la parte de los bienes que indicare el deudor, siempre que éstos

sean ampliamente suficientes para cubrir el importe de la sentencia y de las costas devengadas". 32 L.P.R.A. Ap. III, R. 51.5. De esta forma, las Reglas de Procedimiento Civil conceden a aquellos deudores contra los cuales se pretende ejecutar una sentencia, la posibilidad de seleccionar cuáles de sus bienes serán utilizados para extinguir su obligación. Tal facultad está sujeta a que el deudor cuente con bienes suficientes, respecto a su cantidad y valor pecuniario, para saldar por completo el crédito reconocido mediante sentencia a favor del acreedor.

III.

En vista de lo anterior, debemos determinar si un juez del Tribunal de Primera Instancia puede exigir que se le informe la dirección física de los bienes del deudor como condición previa a ordenar al secretario del tribunal que expida el mandamiento de ejecución, cuando se solicita la ejecución de una sentencia en cobro de dinero dentro del plazo de cinco (5) años de advenir firme la misma.

En el presente caso, la peticionaria obtuvo una sentencia en cobro de dinero a su favor el 25 de septiembre de 2007 y presentó una moción al tribunal para su ejecución el 25 de noviembre de 2007, tan sólo dos meses después. Fue entonces cuando el tribunal requirió la información sobre los bienes del deudor y, posteriormente, advirtió que de no proveerse la misma se denegaría la ejecución de la sentencia.

En primer lugar, debemos señalar que la peticionaria pudo haber dirigido su moción al secretario del tribunal,

en vez de al juez de sala, pues como ya explicamos ese es el procedimiento adecuado que las Reglas de Procedimiento Civil disponen para estos casos. R. 51.1, *supra*; R. 51.2, *supra*. Sin embargo, si la solicitud se dirige al juez, nada impide que éste utilice su discreción para atender el asunto y ordenar la expedición del mandamiento de ejecución de sentencia. *Véase*, *Vives Vázquez v. E.L.A.*, 142 D.P.R. 117, 140 (1996). No obstante, por las razones que expresamos a continuación, entendemos que una vez el juez tiene ante sí una solicitud de ejecución de sentencia en cobro de dinero que advino firme hace menos de cinco (5) años, éste no puede condicionar la ejecución de la sentencia a que se le brinde información de los bienes del deudor.

Las Reglas de Procedimiento Civil han creado un mecanismo sencillo y eficaz con el fin de garantizarle a aquellos acreedores dinerarios, así reconocidos por sentencia firme, que podrán satisfacer la acreencia a la que tienen derecho según se dispuso en el dictamen judicial. Estas reglas no requieren que el promovente de la ejecución provea al juez de sala información relacionada a los bienes que serán objeto de dicha ejecución. Por el contrario, como ya vimos, la Regla 51.1 y la Regla 51.2 ni siquiera exigen una orden del tribunal para llevar a cabo la ejecución de la sentencia en estos casos. Tal requerimiento no puede responder al deseo de proteger los intereses del deudor, de manera que el acreedor no obtenga bienes en exceso de aquellos que fueran suficientes para

satisfacer su acreencia. Como ya señalamos, las Reglas de Procedimiento Civil atienden esa preocupación en la Regla 51.5 brindándole al deudor la potestad de señalar al alguacil los bienes que deberán ser incautados para satisfacer la sentencia, siempre y cuando el deudor tenga bienes en exceso de la suma adeudada y los bienes señalados cubran dicha suma. R. 51.5, *supra*; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo II, Publ. JTS, San Juan, 2000, pág. 822. Si aun así el embargo fuera excesivo, el deudor podría presentar una moción al tribunal para que se reduzca el mismo. *Pueblo v. Berríos*, 43 D.P.R. 558 (1932).

El carácter imperativo de la exigencia impuesta por el foro primario tampoco se justifica con un interés práctico de asegurar que la ejecución se llevará a cabo de la forma más rápida y eficaz posible, mediante conocimiento previo de los bienes que estarían sujetos a la ejecución. Ciertamente, la dirección física de los bienes que serán objeto de la ejecución es necesaria para poder concretar el procedimiento, pero ello no lo hace *conditio sine qua non* para autorizar el mandamiento de ejecución; menos aún si el promovente desconoce tal información. Al momento en que se solicita la expedición del mandamiento —ya sea directamente al secretario del tribunal o mediante el juez de sala— con el fin de satisfacer una sentencia en cobro de dinero, el promovente de la ejecución sólo tiene que presentar la sentencia a su favor dentro de los primeros cinco (5) años

de advenir final y firme. Una vez el mandamiento de ejecución es expedido y dirigido al alguacil del tribunal, entonces será necesario que el acreedor interesado en lograr el diligenciamiento del mandamiento le provea al alguacil un "señalamiento de bienes" con la información necesaria para ello. Sin duda, la dirección de los bienes del deudor deberá ser provista para dicho fin.

Si fuera forzoso que el acreedor por sentencia proveyera al tribunal la dirección física de los bienes del deudor antes de poder obtener un mandamiento de ejecución, en innumerables ocasiones el acreedor tendría que contactar al propio deudor para indagar sobre los pormenores de sus bienes, como aduce la peticionaria. Ello constituiría una notificación similar a las que las reglas sobre ejecución de sentencia pretenden evitar cuando ésta se realiza dentro de los cinco (5) años de advenir final y firme la sentencia, pues el deudor tendría la oportunidad de esconder o desaparecer sus bienes con el fin de eludir su obligación monetaria. De ser necesario que el acreedor requiera dicha información del deudor, aquél debe poder hacerlo lo más cercano posible a la efectiva ejecución de la sentencia, es decir, justo antes de requerir el diligenciamiento del mandamiento de ejecución por parte del alguacil del tribunal. Hacerlo antes podría ser muy contraproducente para el acreedor que recurre al tribunal en busca de ver compensado su crédito. No obstante, somos conscientes de que en el caso de autos este factor no pudo pesar contra la peticionaria debido a que ella misma envió

copia de la moción solicitando la ejecución de la sentencia a la parte recurrida cuando la presentó al foro primario, dando entonces conocimiento a la otra parte de los esfuerzos que realizaba.

Ahora bien, el Tribunal de Primera Instancia podía atender la referida moción y bien podía pedir que se le proveyera la dirección física de los bienes del deudor para acelerar el procedimiento. Empero, dicho foro erró al condicionar su orden de ejecución a la presentación de esos datos, ya que las Reglas de Procedimiento Civil no los requieren para la expedición del mandamiento de ejecución de una sentencia en cobro de dinero promovida dentro del plazo de cinco (5) años de convertirse en sentencia firme. Mucho menos cuando la intervención del juez en estos casos es totalmente innecesaria, pues como ya vimos, las Reglas de Procedimiento Civil establecen un mecanismo sencillo a través de las figuras del secretario del tribunal y el alguacil para hacer efectivas las sentencias en cobro de dinero. R. 51.1, *supra*; R. 51.2, *supra*; 51.5, *supra*. Estando la peticionaria imposibilitada de proveer al foro primario la información requerida, por ignorar en aquel entonces el paradero de los bienes a ser embargados, la orden de ejecución de sentencia debió ser emitida.

IV.

Por todo ello, considero que erró el Tribunal de Apelaciones al denegar el recurso presentado ante su consideración y confirmar así la orden del Tribunal de Primera Instancia la cual exigía se proveyera la dirección

física de los bienes del deudor como requisito previo para ordenar la ejecución de una sentencia de cobro de dinero que fue solicitada dentro del plazo de cinco (5) años de haber advenido ésta final y firme. Revocaría así la resolución recurrida y declararía con lugar la *Moción Solicitando la Ejecución de la Sentencia* presentada por la peticionaria.


                    Anabelle Rodríguez Rodríguez
                         Juez Asociada